## PANEITZ *v.* STATE OF INDIANA.

[No. 30,470. Filed February 17, 1965. Rehearing denied
April 24, 1965.]

*William K. Bennett,* of Lafayette, for appellant.

*Edwin K. Steers*, Attorney General, and *Carl E. Van Dorn*, Assistant Attorney General, and *George L. Hanna*, of Lafayette, for appellee.

MYERS, J.—Appellant was charged by affidavit with the offense of vehicle taking and with being an habitual criminal. He was found guilty of both charges and was sentenced to be imprisoned in the Indiana State Prison for a term of not less than one year nor more than ten years for the offense of vehicle taking; and for being an habitual criminal, he was sentenced to be imprisoned in the Indiana State Prison for life.

Appellant's only assignment of error is the overruling of his motion for new trial. He argues that the conviction of vehicle taking as defined in Burns' Ind. Stat., §10-3011, 1956 Replacement, is not a felony and that therefore the habitual criminal statute cannot be invoked. The vehicle taking statute under which appellant was convicted, Burns' Ind. Stat., §10-3011, 1956 Replacement, *supra*, provides that:

"Whoever takes possession or assumes control of any vehicle of any character whatsoever, which vehicle is the property of another, and uses, drives, runs, or operates such vehicle without first procuring the consent of the owner thereof, or whoever accompanies any person or persons while unlawfully using, driving, running, or operating any vehicle, as above defined, with the knowledge that the possession and the control of the vehicle by the person or persons so using, driving, running, or operating the same is without the consent of the owner thereof, shall be guilty of vehicle taking and, on conviction thereof, shall be imprisoned not less than one [1] year nor more than ten [10] years and be disfranchised and rendered incapable of holding any office of trust or profit for any determinate period, or, in the discretion of the court or jury, may be imprisoned in the county jail or the Indiana State Farm, or in the Indiana Woman's Prison, for any determinate period not more than one [1] year, to which may be added

any fine not exceeding five hundred dollars [$500]."

Appellant claims that since the above statute fails to define the crime as a felony, and, since it does not specifically provide for imprisonment in the State Prison, the offense then is a misdemeanor which is not sufficient to sustain a finding that the appellant is an habitual criminal, for, as it is well known, Burns' Ind. Stat., §9-2207, 1956 Replacement, which defines the status of an habitual criminal, requires that one be convicted for three felonies before imprisonment for life is justifiable.

After a careful examination of the pertinent statutes and authorities, we feel that the appellant's contention is without merit.

First, turning to Burns' Ind. Stat., §9-101, 1956 Replacement, we find that felonies and misdemeanors are divided and defined as follows:

"All crimes and public offenses which *may* be punished with death or imprisonment in the state prison shall be denominated felonies; all ▇ [and] all other offenses against the criminal law shall be denominated misdemeanors." (Our emphasis.)

In regard to felonies, the term "may" is important. In *Lee* v. *State* (1959), 239 Ind. 232, 156 N. E. 2d 78, this court, in construing a sentencing statute, defined ▇ "may" as giving the Judge discretionary power in deciding whether to sentence in a certain matter. Applying such an interpretation of "may" to the statute defining felonies and misdemeanors, it becomes obvious that the Legislature intended by this statute that all offenses or crimes which *may* be punishable by imprisonment are to be deemed felonies.

The fact that the vehicle taking statute, Burns' Ind. Stat., §10-3011, 1956 Replacement, *supra*, provides that

the court or the jury may, as an alternative, impose a sentence of imprisonment to the county jail or to the Indiana State Farm, does not change the character of the offense. *Hicks* v. *State* (1898), 150 Ind. 293, 50 N. E. 27; Ewbank's Indiana Criminal Law, Symmes Edition, Vol. 1, Definitions and General Provisions, Ch. 1, §2, p. 2.

In *Mahok* v. *State* (1931), 202 Ind. 473, 174 N. E. 281, this court held that a judgment sentencing a defendant to the penitentiary was equivalent to a determination that the conviction was for a felony.

This statute does not require that imprisonment must be in the State Prison in order for the offense to be characterized as a felony.

The inaccuracy of appellant's argument may be clearly obvious by comparing other statutory crimes in this jurisdiction which have similar wording to that of the vehicle taking statute. The following crimes call for imprisonment only and make no mention that the imprisonment must be in the State Prison: Rape, Robbery, Manslaughter, Burglary first-degree, Burglary second-degree, Burglary (with explosives), Safe Burglary, and Entering to Commit a Felony. These all state, as does the vehicle taking statute, that the defendant be imprisoned for a period of time. It is obvious that the above-listed crimes cannot be termed misdemeanors because the statute failed to use the words "imprisonment in the State Prison."

It is also to be noted that the expression "to imprison" is a generic term. Included in it is "to put in prison." Webster's Third New International Dictionary, Unabridged, page 1137; Black's Law Dictionary, Fourth Edition, page 889. There is no question in our minds that when the criminal statutes of our state use the term "to imprison," it is implicit that its meaning is to

imprison in the State Prison. Thus the expression falls within the statutory definition of a felony.

Consequently, when a criminal offense may be punishable by imprisonment in the State Prison or Penitentiary, and when a judgment in a conviction upon such an offense provides for imprisonment in the State Prison, the offense involved under such circumstances is a felony which is sufficient to sustain a conviction under the "habitual criminal statute." Burns' Ind. Stat. §9-2207, 1956 Replacement, *supra*.

Since appellant has directed his argument and citations of authority only to the habitual criminal status, he has failed to question properly the conviction of vehicle taking. Supreme Court Rule 2-17 (e) and (f). Therefore, other questions raised in appellant's motion for new trial which have not been argued in his brief are waived. *Stevens* v. *State* (1959), 240 Ind. 19, 29, 158 N. E. 2d 784.

Judgment affirmed.

Arterburn, C. J., and Achor and Landis, JJ., concur.

Jackson, J., dissents.

NOTE.—Reported in 204 N. E. 2d 350.