HUNTER ET AL. *v.* STATE OF INDIANA.

[No. 30,618. Filed May 17, 1965.]

*John G. Bunner,* of Evansville, for appellants.

*John Dillon,* Attorney General, and *Frederick J. Graf,* Deputy Attorney General, for appellee.

LANDIS, J.—This appeal stems from appellants'

judgment of conviction for second degree burglary upon an affidavit[1] charging them with that offense.

Error is assigned upon overruling the motion for new trial.

Appellants argue the court's finding is not sustained by sufficient evidence and is contrary to law in that second degree burglary is a specific intent crime and that the evidence showed both appellants were intoxicated and therefore could not have formed the necessary intent.

The evidence favorable to the State was that an Evansville police detective, Frank Long, testified that about 11:00 p.m. he received a radio dispatch to go to Dr. Adler's office at 714 Second Avenue where someone was attempting to enter the office. When he arrived there with Sgts. Weber and Harper he found a window pane broken at the rear of the building. The policemen gained entrance to the building by forcing a rear door. They noticed blood upon the broken rear window and blood leading from the window into an examining room, through a hallway and into Dr. Adler's office.

Detective Long testified they found both of appellants at a medicine cabinet in Dr. Adler's office and that both men were searching through the medicine cabinet.

---

1. "FRANK LONG being duly sworn upon his oath says that JOSEPH ROBERT HUNTER and WILLIAM ARNETT HAROLD on or about the 24th day of February A.D., 1964, at said County and State as affiant verily believes did then and there unlawfully, feloniously and burglariously break and enter into the building and structure of DOCTOR RAY N. ADLER and MERRIE C. ADLER, then and there situate at 714 Second Avenue in the City of Evansville, County of Vanderburgh, State of Indiana, which said building and structure was not a place of human habitation, with the intent to commit a felony therein, to-wit: unlawfully, feloniously and knowingly obtain and exert unauthorized control over the property of the said DOCTOR RAY N. ADLER intending to deprive said owner permanently of the use and benefit of the property.

"Then and there being contrary to the form of the Statute, in such cases made and provided, and against the peace and dignity of the State of Indiana."

Appellant Harold turned around and said "hello, Sgt. Weber," or "hello Jack" — it appearing he was acquainted with the police officer. Appellant Harold's right arm was bleeding apparently from injuring himself in gaining admittance through the broken rear window. Appellant Hunter told the policemen his name. The policemen asked appellants what they were doing in Dr. Adler's office. Neither appellant answered, whereupon a search was made of appellants' persons. A large bottle containing about 1,000 sodium secobarbital tablets, a non-narcotic, was found in the right hand pants pocket of appellant Hunter. Dr. Adler who arrived at the office upon a call from the officers testified a bottle of about 1,000 sodium secobarbital tablets, belonging to him, were missing from his office. Dr. Adler further testified the bottle of capsules taken was worth $10.00 and that he last saw the bottle on the shelf with other drugs, and that the bottle was removed sometime prior to the time he was called to his office by the officers.

Detective Long testified on cross-examination that appellants appeared to be very drunk at the time of their apprehension and upon the basis of this evidence appellants contend they were unable to entertain the specific intent charged. The witness was also asked if they were so drunk they were unable to talk, and replied: "No, they could talk. We, uh, Mr. Hunter told us his name, and Harold didn't say much of anything, I think he was bothered quite a bit with his arm at the time, being cut."

As we stated in *Yarber* v. *State* (1962), 242 Ind. 616, 618, 179 N. E. 2d 882, 883:

> "While evidence of intoxication is admissible and may be considered in behalf of a person on trial for a crime involving specific intent, it acts as a complete and effective defense only when its degree is such as to render the accused incapable of entertaining the specific in-

tent. *Brattain* v. *State* (1945), 223 Ind. 489, 497, 61 N. E. 2d 462, 465. . . ."

We do not believe from the foregoing evidence we can say as a matter of law appellants could not have found the specific intent required to commit the crime of burglary. Appellants' state of alertness is indicated somewhat by the evidence that when appellants were accosted by the officers in raiding the medicine cabinet of the premises burglarized, one appellant greeted an officer with the salutation of "hello, Sgt. Weber" or "hello Jack," and the other appellant told the officers his name. The extent of intoxication apparently did not interfere with the ability of appellants to talk or of one of them to be concerned about the cut on his arm caused by the breaking and entering. Appellant Hunter was sufficiently aware of his burglarious actions to be carrying the stolen bottle of 1,000 pills in his right pants pocket.

Under the settled law the specific intent of appellants to commit the crime of burglary charged in the affidavit was an essential element of the offense but the existence or non-existence of such a criminal intent upon such a record with conflicting inferences was a question of fact to be determined by the fact finding court or jury from all the evidence. *Booher* v. *State* (1901), 156 Ind. 435, 448, 60 N. E. 156, 160, 54 L. R. A. 391; *Aszman* v. *The State* (1890), 123 Ind. 347, 358, 24 N. E. 123, 126, 8 L. R. A. 33.

The remaining contention of appellants is that as the bottle of pills taken was of a value of only $10.00 there is no evidence appellants entered the building with the intention of taking property of more than $100 in value, and therefore appellants at the most could have been guilty of entering to commit a misdemeanor which would be third degree burglary.

Burns' §10-3039 (1964 Supp.),[2] in this respect provides:

"A person convicted of theft of property not from the person and of less than one hundred dollars [$100] in value . . . *may be imprisoned in the state prison not less than one [1] year nor more than five [5] years . . . .*" (Emphasis supplied.)

However, according to Burns' §9-101 (1956 Repl.),[3]

"All crimes and public offenses which *may* be punished with death or imprisonment in the state prison shall be denominated felonies . . . ." (Emphasis supplied.) See Also: *Paneitz* v. *State* (1965), 246 Ind. 418, 420, 204 N. E. 2d 350, 352; *In re Sobieski* (1965), 246 Ind. 223, 226, 204 N. E. 2d 353, 355.

It is therefore apparent that the crime appellants are alleged in the affidavit to have intended to commit after entering the building and which is established by the evidence, viz: that appellants did " . . . unlawfully, feloniously and knowingly obtain and exert unauthorized control over the property of the said Doctor Ray N. Adler intending to deprive said owner permanently of the use and benefit of the property" was a felony and that appellants' contention it was solely a misdemeanor is without merit.

Judgment affirmed.

Arterburn, C. J., and Myers and Achor, JJ., concur.

Jackson, J., concurs in result.

NOTE.—Reported in 207 N. E. 2d 207.

---

2. Acts 1963 (Spec. Sess.), ch. 10, §12, p. 10.
3. Acts 1905, ch. 169, §1, p. 584.