HEACOCK *v.* STATE OF INDIANA.

[No. 31,163. Filed January 24, 1968.]

*Chester H. Wilson,* of Indianapolis, for appellant.

*John J. Dillon,* Attorney General, *Murray West,* Deputy Attorney General, for appellee.

ARTERBURN, J.—This is an appeal by Charles E. Heacock, appellant, from a judgment of the Criminal Court of Marion County, Division One, by which judgment appellant was convicted of the crime of second degree burglary. Trial was by the court, without jury. The only question raised on appeal is the sufficiency of the evidence in certain particulars.

The appellant was prosecuted under Burns' Ind. Stat. Anno. § 10-701 (b) [1956 Repl.], which reads as follows:

> "(b) Whoever breaks and enters into any . . . building or structure other than a dwelling-house or place of human habitation, with the intent to commit a felony therein, shall be guilty of burglary in the second degree, . . ."

The evidence most favorable to the State shows that Richard E. Pickering operated a filling station on West Michigan Street in Indianapolis on July 27, 1966, and when he

closed his station at 10:00 o'clock on that date all windows and doors were closed except a partially broken window at the rear; that all property and merchandise in the station was in its proper place and there was Forty ($40.00) Dollars in the cash register. There was also an automobile inside the station that Pickering had been working on. At about 11:30 o'clock a police officer saw the appellant inside the station under an automobile, trying to conceal himself from the view of the policeman. At that time the testimony showed that the window at the rear of the station had been completely broken out. The merchandise was disarranged inside the station, showing it had been ransacked, and the appellant had in his vest pocket Forty ($40.00) Dollars in bills. There was also a safe in the building which had been tampered with, and a hammer lying on the floor in front of it.

The testimony was that there was only One ($1.00) Dollar inside the safe. It is argued that since appellant was apprehended with only Forty ($40.00) Dollars in his possession, under the petit larceny statute, the evidence only shows that he entered with intent to commit a misdemeanor, since the sum was less than One Hundred (100.00) Dollars. With this position we cannot agree. In the first place, it is the intent with which the entry was made—not the amount of loot which a burglar acquires—that determines the character of the crime. In the second place, Burns' Ind. Stat. Anno. § 10-3039 (1967 Supp.) provides that where a theft is made of less than One Hundred ($100.00) Dollars, the person convicted "may be imprisoned in the state prison."

Burns' Ind. Stat. Anno. § 9-101 (1956 Repl.) provides:

"All crimes and public offenses which may be punished with death or imprisonment in the state prison shall be denominated felonies; . . ." See also: *Hunter, et al.* v. *State* (1965), 246 Ind. 487, 207 N. E. 2d 207; *Paneitz* v. *State* (1965), 246 Ind. 411, 204 N. E. 2d 350.

The State need only prove the intent of appellant to commit a felony when the break-in was committed under the crime

of burglary. It is not necessary that property actually ■ be seized or stolen by the intruder to constitute burglary. The intent may be drawn from the surrounding circumstances by the triers of the fact, and is not limited merely to what the intruder found or seized, for in some circumstances, nothing may be found, although the evidence may be clear that there was the hope and intent to seize property within the building.

It is next contended that the charge alleges that the appellant entered the filling station to commit a felony therein, namely, "to force entrance into a safe which was then and there situated in said building" which contained the sum of One ($1.00) Dollar, the property of Pickering, and that there was no proof in that particular. We have examined the transcript and evidence in this case and find the evidence to be quite plain as given by the owner of the service station, that there was a safe in the building and that there was a hammer lying in front of the safe. The owner further testified the top of the safe containing the combination had been battered all the way to the bottom of the safe, 13 or 14 inches below the floor:

"Q. And what was the appearance of the top of the safe at the time you first saw it when you returned to the station?

"A. It had been hammered very hard down to the floor.

"Q. Were there marks on the base of the safe?

"A. Yes sir."

There was further testimony that this safe had previously been damaged by a proir burglary, but the combination did work sufficiently to close the door in place, and that the safe on the night of the burglary in question had been additionally damaged by the pounding testified to. We find, therefore, that the evidence sustained the allegations in the charge with reference to breaking into the building in order to open the safe.

It is next argued that because the State alleged the burglary was attempted in order to break into the safe, it was improper to permit any evidence to be presented which showed that other money was taken from the cash register or other places in the filling station; that the State was limited to the One ($1.00) Dollar alleged to have been in the safe. In our opinion, this argument hardly needs answering. All that took place in the station is part of the *res gestae,* and reveals the character, motives and intentions of the intruder. Additionally, we point out that no objections were made to the introduction of this evidence, of which complaint is now made.

Further argument is made that there is no evidence that the appellant actually took anything from the premises. Such proof is not a necessary element of the crime. It is the intent with which the breaking was done, although the intruder may not have been able to have committed the intended crime after he got inside. *Suter* v. *State* (1949), 227 Ind. 648, 88 N. E. 2d 386.

The judgment of the trial court is affirmed.

Lewis, C. J. and Mote and Hunter, JJ. concur. Jackson, J. concurs in result.

NOTE.—Reported in 233 N. E. 2d 179.