WALKER *v.* STATE OF INDIANA.

[No. 268S43. Filed July 11, 1968.]

*William D. Stephens, Thomas Lockyear,* and *Stephens & Lockyear,* of Evansville, for appellant.

*John J. Dillon,* Attorney General, and *Duejean C. Garrett,* Deputy Attorney General, for appellee.

LEWIS, C. J.—This is an appeal from a conviction, without intervention of a jury, of the appellant for the crime of Safe Burglary pursuant to Burns' Indiana Statutes, Anno., (1956 Repl.), § 10-702(a).

At 2:25 A.M. on the morning of September 18, 1967, two (2) police officers were making their patrol of local business establishments in the city of Evansville, Indiana. As the police turned their car into an alley which was adjacent to the side of a cafe which had been illegally entered, they saw two (2) men run from the "gangway" behind the cafe into the alley. One of the men had blonde hair and was wearing a red shirt, light-colored pants and gloves. The other man had dark hair and was dressed completely in black with yellow or tan gloves. One man was carrying a shopping bag and the other a cardboard box. In their haste, the men dropped the box and shopping bag. Upon hitting the alley surface, the sack tore open and burglary tools were exposed. The police officers identified themselves and ordered the men to halt, but the men continued to flee. The sprinting suspects split up and the officers momentarily lost sight of them both. However, the appellant was immediately re-sighted and apprehended. This was all within a block of the cafe. When apprehended, the appellant was dressed in black and was wearing one yellow glove. The other

glove was found a distance of about four (4) feet from him. Appellant also had a screwdriver in his possession when arrested. An examination of the box left in the alley produced punches, wrenches, chisels, and a pair of vise grips.

The police then proceeded to the cafe. They found the rear window, which faced out on the "gangway", had been removed and was lying on the ground. It had been forcibly pried off. Inside the cafe the safe showed signs of an attempted forcible entry. The owner testified that he had left the cafe at 8:30 P.M. the previous evening and that the safe and rear window of the cafe were locked and in good repair.

On appeal, the appellant raises the following alleged errors:

1. That the evidence is insufficient to support the judgment of the court.

2. That the Trial Court erred in overruling the defendant's objection to State's Exhibit #11, which was a screwdriver taken from or found near the defendant at the time of his arrest.

3. That the Trial Court erred in overruling the defendant's objection to State's Exhibit #12, which was a pair of gloves taken from or found near the defendant at the time of his arrest.

Appellant, in his first assigned error, attacks the sufficiency of the evidence for essentially two (2) reasons:

A. That the evidence is totally circumstantial and requires this Court to "pyramid" it into inferences upon inferences in order to sustain this conviction. That is, the first inference is that the appellant is the man who fled from behind the cafe, and secondly, that if he is the same man, that he is the one who attempted to burglarize the safe.

B. There is no evidence of the requisite criminal intent of the appellant. He was charged with safe burglary and there is no direct evidence that appellant ever entered the building with intent to burglarize the safe.

In appellant's first objection to the sufficiency of the evidence, he points out that a great deal of it is circumstantial

and that it calls for making an inference upon an inference. He relies upon *Hinshaw* v. *State* (1897), 147 Ind. 334, 47 N. E. 157, wherein it is stated:

". . . This process of tallying and confirming each circumstance by the others does not infringe the general rule that one inference cannot be based on another. There is an important exception to that rule, however, A fact in the nature of an inference may itself be taken as the basis of a new inference, whether intermediate or final, provided the first inference has the required basis of a proved fact. . . ."

Appellant points to the officers' identification as that first circumstantial fact which is not sufficiently established in order to warrant another inference to be drawn therefrom.

While one of the officers testified that he did not see the appellant's face until he was arrested, he did testify that he observed a man dressed in black wearing yellow or tan gloves, approximately 5 ft. 10 in. tall, weighing between 165 and 170 pounds, who was balding in back, running from the cafe. The appellant, when arrested, fit this description. Also, at the trial the officer identified the appellant as the man he chased based on this evidence. These facts coupled with the other circumstances of the appellant being arrested almost immediately after the police lost sight of him, in the same vicinity, makes the possibility of two (2) similar individuals in this area at 2:30 A.M. very remote. In *Medsker* v. *State* (1946), 224 Ind. 587, 70 N. E. 2d 182, the following passage appears:

"The witness, having seen each of the two persons at and near the west rear door of the Firestone stores at about four o'clock in the morning, when they ran from him; and an hour and a half later, after he had alarmed the city police, seeing the defendant and the man Knotts at police headquarters, was certainly competent to give his opinion as to whether they were the same persons he had seen at and near the store door."

" 'Identification is almost always a matter of opinion or belief' concerning a fact. 42 C. J. S. 375—*Identification*. 'And a conviction may be sustained, although a witness declines

to swear positively and testifies merely that he believes accused is the person whom he saw commit the crime.' 23 C. J. S., § 920, *Criminal Law*, p. 192. *Commonwealth* v. *Cunningham* (1870), 104 Mass. 545, 547; *State* v. *Franke* (1901), 159 Mo. 535, 542."

In addition, the following statement from *Brown* v. *State* (1941), 219 Ind. 21, 36 N. E. 2d 759, is helpful:

"More recently, this court said in *Orey* v. *Mutual Life Insurance Co. of N. Y.* (1939), 215 Ind. 305, 309, 310, 19 N. E. 2d 547, 549:

'. . . A fact may sometimes be established by circumstantial evidence more firmly and thoroughly than by direct but conflicting evidence, and when a fact is so established by inference it is as logical and reasonable a basis for further inference as a fact established by direct evidence.' "

We conclude that the identity of the appellant was sufficiently established in order to be within the scope of *Hinshaw* v. *State, supra,* and *Brown* v. *State, supra,* wherein it is stated an inference may be drawn upon another inference where the primary inference has the basis of a proven fact. That is, when the alleged first inference becomes, in the mind of the trier of fact, a reality, an inference is no longer being made upon an inference but, rather, an inference upon a proven fact.

Appellant's second objection as to the sufficiency of the evidence goes to the proving of the requisite criminal intent to burglarize the safe. When the police entered the premises they found the safe in a mutilated condition. The knob on the dial was flattened out, the combination had been knocked off, there was a hole in the door, the handle was splintered, and a hinge was bent. It was obvious that the safe had suffered an attempted forced entry that night. Also, entry into the premises had been gained by forcibly prying out a window. That a crime had been committed was manifest.

As the police drove by the cafe at 2:25 A.M., the appellant

sprinted from behind the cafe, ignoring the officers' commands to stop. As he fled, he dropped a container of burglary tools.

"Evidence of escape or attempted escape and avoidance of arrest or capture is always competent evidence of the consciousness of guilt and a matter for the consideration of the jury. . . ." *Meredith* v. *State* (1966), 247 Ind. 233, 214 N. E. 2d 385.

Also, possession of burglary tools near the scene of the burglary, shortly after it has been committed, is admissible evidence. *Lynch* v. *State* (1960), 240 Ind. 376, 165 N. E. 2d 762.

It is well settled under Indiana law that the requisite specific intent is a question for the court or jury.

"Under the settled law the specific intent of appellants to commit the crime of burglary charged in the affidavit was an essential element of the offense but the existence or nonexistence of such a criminal intent upon such a record with conflicting inferences was a question of fact to be determined by the fact finding court or jury from all the evidence. *Booher* v. *State* (1901), 156 Ind. 435, 448, 60 N. E. 156, 160, 54 L. R. A. 391; *Aszman* v. *The State* (1890), 123 Ind. 347, 24 N. E. 123, 126." *Hunter* v. *State* (1965), 246 Ind. 494, 207 N. E. 2d 207.

". . . Intent may be inferred from circumstances which legitimately permit it. *Luther* v. *State* (1912), 177 Ind. 619, 625, 98 N. E. 640. . . ." *Tait* v. *State* (1963), 244 Ind. 35, 188 N. E. 2d 537.

In deciding, then, whether the evidence was sufficient, we are bound by the following rule as stated in *Raymer* v. *State* (1964), 244 Ind. 644, 195 N. E. 2d 350:

"The test of reasonable doubt which appellant has referred to in his brief, was for the trial court in weighing the evidence. On appeal it is only our province to determine from a review of the evidence favorable to appellee whether there was substantial evidence to sustain the lower court's finding. . . ."

In our opinion, there was substantial evidence of probative value, together with reasonable inferences to be drawn therefrom, wherein the court could have found that appellent had the requisite intent and was guilty of the crime of which he was convicted.

Appellant's second and third assigned errors may be dealt with together as they deal with essentially the same issue. The evidence most favorable to the state discloses that upon the appellant's arrest he was wearing only one glove and the other was found lying on the ground four to five feet from him. Also, the arresting officer noticed about three inches of a screwdriver blade protruding from the appellant's pocket. The screwdriver fell to the ground when appellant stood up. It is the appellant's contention that the screwdriver and gloves were the fruits of an illegal search and were therefore inadmissible. Since the arrest was made on insufficient grounds, the search was illegal and its benefits may not be examined at trial.

There was no search of the appellant's person. In *Lindsey* v. *State* (1965), 246 Ind. 431, 204 N. E. 2d 357, the following statement is made:

> "The Indiana decisions have not dealt extensively with the question of what constitutes a search, but there is one definition of search which is applicable. In *McCoy* v. *State* (1960), 241 Ind. 104, 115, 170 N. E. 2d 43, 48, this court said:
>
> "'. . . In the law of searches and seizures, the term "search" implies a prying into hidden places for that which is concealed.'"
>
> "The facts as set out above indicate that there was no prying and the contraband taken was not hidden. There was simply a discovery of that which was open to view. Similar cases in other jurisdictions have reached the conclusion that such a discovery does not constitute a search. *People* v. *Easley* (1957), 148 Cal. App. 2d 565, 307 P. 2d 10. *People* v. *Ruiz* (1956), 146 Cal. App. 2d 630, 304 P. 2d 175. *People* v. *Searcy* (1962), 199 Cal. App. 2d 470, 18 Cal. Rptr. 779, 90 A. L. R. 2d 814."

See also *Biggs* v. *State of Indiana* (1929), 201 Ind. 200, 167 N. E. 129.

The items objected to were not the fruits of an illegal search but were evidence collected by the officers at the scene of the arrest. The screwdriver could most probably have been a burglary tool, and the yellow pigskin gloves were part of the description in identifying the appellant as he fled the scene of the burglary. We can see no error in their being admitted into evidence.

There being no error presented to us requiring reversal, we affirm.

Arterburn, J., concurs; Hunter, J., concurs in result; Jackson, J. dissents; Mote, J., not participating.

NOTE.—Reported in 238 N. E. 2d 466.