DAVIS *v.* STATE OF INDIANA.

[No. 16887. Filed August 28, 1968.]

*Walter A. Cornell,* of Noblesville, for appellant.

*John J. Dillon,* Attorney General, and *Dennis J. Dewey,* Deputy Attorney General, for appellee.

MOTE, J.—The Appellant was charged by affidavit with First Degree Burglary pursuant to Burns' Ind. Stat. Anno. § 10-701, which reads in part as follows:

"Whoever breaks and enters into any dwelling house or other place of human habitation with the intent to commit

any felony therein . . . shall be guilty of burglary in the first degree. . . ."

He was convicted of the lesser included offense of Entering to Commit a Felony, which offense is set out in Burns' Ind. Stat. Anno. § 10-704 and reads in part as follows:

"Whoever enters into any dwelling house, or other place of human habitation . . . with the intent to commit a felony therein, shall on conviction, be imprisoned for not less than one (1) year nor more than ten (10) years. . . ."

The affidavit read in pertinent part as follows:

"BE IT REMEMBERED, That on this day, before me, Philip R. Correll, Deputy Prosecutor of the 24th Judicial Circuit personally came JAMES EBERT who, being duly sworn, upon his oath, says that WENDELL WILKIE DAVIS on or about the 12th day of August A.D. 1967, (at the County of Hamilton, in the state of Indiana) did then and there unlawfully, feloniously and burglariously break and enter into the apartment of Donald Reynolds, 154 South 8th Street, Noblesville, Hamilton County, Indiana, in which said Donald Reynolds then lived with intent to commit a felony to-wit to unlawfully take, steal and carry away the personal property of said Donald Reynolds, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Indiana."

Appellant argues on appeal that the trial court erred in overruling Appellant's Motion for New Trial wherein he alleged that the verdict of the jury was not sustained by sufficient evidence and that the trial court further erred in admitting certain testimony over the Appellant's objection.

More specifically, the basis of Appellant's appeal is that the State failed to prove that the entry was made with intent to commit a felony.

The evidence most favorable to the State reveals that the Appellant was in the Reynolds' home on the night of August 12, 1967. Mrs. Reynolds awoke to find Appellant in a hallway "going through something." She awakened her husband and as he was going downstairs, he heard the kitchen window shatter. A neighbor testified that she saw the Appel-

lant standing in the Reynolds' kitchen and saw him dive through the window. The Appellant fled and was later captured and returned to the Reynolds' home where he was identified by the neighbor.

It was further established that Mr. Reynolds' wallet was taken from his trousers that evening, that the Appellant was unknown to Mr. or Mrs. Reynolds, that they did not invite him nor was he present in their home with their consent and that the doors and windows of their house were closed when they went to bed.

Concerning the first error urged by Appellant—failure of the State to prove the essential elements of entry and intent to commit a felony—it must be noted that the offense of which the Appellant was convicted (Entering with Intent to Commit a Felony) does not require a "breaking."

Even assuming arguendo that breaking was a necessary element of the offense of which Appellant was convicted, this Court has held that merely opening an unlocked door or window will constitute such breaking. See: *Richardson* v. *State* (1966), 247 Ind. 610, 220 N. E. 2d 345.

Further, we find no merit in Appellant's contention that the State failed to prove entry. It appears elementary that Appellant's presence in the Reynolds' home presupposes and establishes his entry into same.

We find also that there was sufficient evidence to support the jury's finding that the Appellant entered the Reynolds' home with intent to commit a felony. In arguing to the contrary, the Appellant relies upon *Easton* v. *State* (1967), 248 Ind. 338, 228 N. E. 2d 6. That case may be distinguished from the facts such as those found in the instant case. In *Easton, supra,* the defendant was discovered in another's apartment watching television. The door lock had been broken and a record player was found unplugged, with records stacked upon it. The defendant left leisurely, offering

to pay for the lock. In holding that these facts were insufficient to sustain a conviction requiring proof of breaking and entering with intent to commit a felony, this Court said at page 12 of 228 N. E. 2d:

"The intent being a primary element of the offense . . . we are of the opinion that such an issuable fact may not be inferred from proof *alone* of the breaking and entering."

In reaching the decision, the Court emphasized the operative facts involved: that the defendant knew the owner of the apartment, that he was sitting watching television, that he left leisurely and that he made no attempt to flee or hide.

A recent case, *Kondrup* v. *State* (1968), 250 Ind. 320, 235 N. E. 2d 703, distinguishes the *Easton, supra,* result from those cases in which evidence other than that of breaking and/or entry alone is present. In *Kondrup, supra,* the defendent was found sitting in a bait shop and when apprehended was loading a gun taken from one of the racks in the store. Entry was gained by throwing a tackle box through the front window. In affirming the conviction, this Court stated that in light of the decision in *Easton, supra,* "we must look to the evidence other than that concerning the breaking and entering alone to determine if there was sufficient evidence to show an intent to commit a felony."

In examining such evidence in the instant case, we find that the following facts are sufficient to sustain the jury's finding that the Appellant entered with intent to commit a felony; that he entered the Reynolds' home without their consent; that he was seen "going through something;" and that a "clinking" sound was heard in the hallway where coins were later found. Further, Mr. Reynolds' wallet was taken from his trousers that evening and later found and returned to him. The evidence also reveals that upon being discovered, the Appellant jumped through the kitchen window and in so doing suffered several lacerations.

An old case involving a strikingly similar situation found

that evidence such as outlined above was sufficient to sustain a conviction requiring an attempt to steal. In that case, *Burrows* v. *State* (1882), 84 Ind. 529, a man was awakened by a noise made by the defendant, who was in his bedroom, and upon being discovered, the defendant escaped through an open window. It was discovered that the victim's trousers, containing nothing, had been taken during this period and were later found and returned to him. This Court said at page 533 of 84 Ind.:

> "We are of the opinion . . . that the facts and circumstances were abundantly sufficient, . . . to authorize the jury to find that the appellant then and there attempted to commit (larceny)."

In another similar case, the defendant was discovered going through the drawers of a bookcase and then attempted to escape by the back way of the building. This Court found these facts sufficient to sustain a finding that the defendant entered and attempted to steal, which offense also includes an intent to steal. *Bloch* v. *State* (1903), 161 Ind. 276.

It is well established that the issue of intent is for the jury to determine. See: *Kondrup* v. *State, supra; Tait* v. *State* (1963), 244 Ind. 35, 188 N. E. 2d 537; *Bleiweiss* v. *State* (1919), 188 Ind. 184, 122 N. E. 577. Further, if two reasonable inferences arise from circumstantial evidence—one of guilt and one of innocence—this Court will not determine which inference controls, that being within the province of the jury. *Shutt* v. *State* (1954), 233 Ind. 169, 117 N. E. 2d 892.

The jury can make a finding of intent based on the surrounding circumstances of the case, especially where, as in the case at bar, the defendant was seen in or leaving the premises and property from the premises was later found elsewhere. *Heacock* v. *State* (1968), 249 Ind. 453, 233 N. E. 2d 179; *Wojcik* v. *State* (1965), 246 Ind. 257, 204 N. E. 2d 866.

These principles of law and the evidence recited above precludes us from holding that the jury's finding that the Appellant entered with intent to commit a felony was unwarranted.

The Appellant also urges as error the overruling of his motion for a directed verdict, which motion was predicated on the alleged absence of evidence concerning a breaking. This contention is without merit in light of the evidence discussed above and the established principle that a directed verdict of acquittal can only be given where there is a total absence of evidence on some essential issue. Because, as stated above, only the opening of a closed door or window is necessary to constitute a breaking and because it can be assumed that the Appellant did not materialize inside the Reynolds' home, a directed verdict of acquittal would have been error. See: *State* v. *Torphy* (1940), 217 Ind. 383, 28 N. E. 2d 70.

Finally, Appellant urges as error the admission of certain testimony. We find no reversible error demonstrated by that testimony. The first error urged by Appellant is that the court should have sustained his objection to Mrs. Reynolds' testimony that the man got out of the house through the kitchen window. Counsel for the Appellant objected that because she was not in the kitchen at the time, such testimony was not within her knowledge. It is the law, however, that the admission of incompetent evidence, such as outlined above, to disclose a fact which is clearly proven by other competent evidence is harmless error and not a cause for reversal. *Adams* v. *State* (1946), 224 Ind. 472, 69 N. E. 2d 21.

The Appellant's second objection was to testimony by Mrs. Reynolds that she was awakened by a "clinking" sound, which testimony, the Appellant objects, was a conclusion by the witness. We believe that the question of whether or not reversible error results because of the admission of incompetent evidence or whether or not such errors are

harmless and do not prejudice the rights of the defendant depends upon the total tenor of the situation in which they arise. Any rational application of the general rules of evidence necessitates a case to case, factual situation approach. Thus it has been held that to justify a reversal, the error objected to should be prejudicial to the rights of the objecting party. *Montgomery* v. *Pierson* (1924), 195 Ind. 475, 145 N. E. 771; *Click* v. *Arnold* (1925), 197 Ind. 350, 149 N. E. 178. We find that the admission of the testimony of Mrs. Reynolds, that she was awakened by a "clinking" noise, is not grounds for a reversal.

The third objection by the Appellant was to testimony by Mr. Reynolds that he received a description of the man seen in the house from the neighbor. He testified further as to how she described the man. We find that this testimony also was not prejudicial to the Appellant in the sense required for reversal. Further, these facts also were fully established by other competent evidence. *Adams* v. *State, supra.*

The last objection by the Appellant was to testimony by a police officer that he was given a description by the neighbor and of what that description consisted. For the reasons outlined above, we find that the admission of this testimony did not constitute reversible error.

Judgment affirmed.

Lewis, C. J., Arterburn and Hunter, JJ. concur; Jackson, J. concurs in result.

NOTE.—Reported in 239 N. E. 2d 601.