GREGORY SARGENT *v.* STATE OF INDIANA.

[No. 2-1272A133.   Filed June 25, 1973.]

*Marshall E. Williams,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert F. Colker,* Assistant Attorney General, for appellee.

## CASE SUMMARY

BUCHANAN, P.J.—This is an appeal by defendant-appellant, Gregory Sargent (Sargent), from a conviction of Entering To Commit A Felony (Theft), claiming insufficient evidence as to identification and intent to commit theft.

We affirm.

## FACTS

The facts and evidence most favorable to the State are:

At approximately 2:10 P.M. on May 3, 1972, Carol Peterson (Peterson), proprietor of a defunct massage parlor located in a building at 2514 W. 16th Street in Indianapolis, visited the building for a routine security check. Everything appeared to be in order. The doors were locked and none of the windows

were broken. After a five-minute inspection she departed, making certain that both the front and back doors were locked.

Later that same afternoon, Officer Gilbert E. Coyle (Officer Coyle) of the Indianapolis Police Department received a complaint that someone was breaking glass into these premises and he proceeded there, arriving about 3:00 P.M.

As his squad car approached, he observed Sargent standing approximately one foot away from the front door of the massage parlor. Alighting from his vehicle, Officer Coyle then stood face to face with Sargent at a distance of about four feet for approximately ten to twelve seconds. He noticed that a plate glass window in the front door had been broken and that glass was scattered on the ground around the front door.

Upon observing Officer Coyle, Sargent turned around, opened the previously locked front door, ran through the building and out the back door, which was also previously locked. A second man accompanied Sargent as he hastily exited the rear door. Sargent fled in an easterly direction, while his companion fled in the opposite direction with Officer Coyle in hot pursuit. Sargent escaped, but his companion was captured.

Officer Coyle then radioed the following description of the man who had escaped, presumably Sargent:

"A negro male, approximately 22 or 23 years old, 6 foot to 6, 2 inches, 155 pounds * * * wearing a light colored jacket and dark slacks, and a light colored shirt with dark stripes."

Later, Officer Coyle found a clock radio and a vibrator about twenty yards from the rear of the building. Peterson positively identified both items and further stated that the radio had been in the building earlier that afternoon but that she did not know about the vibrator.

The day after the incident, Officer Coyle identified Sargent's photograph from a group of twelve pictures presented to him

at Police Headquarters. At the trial Officer Coyle identified Sargent as the man who escaped from the massage parlor on May 3, 1972, and further stated that he was able to recognize Sargent's photograph because he viewed him from a distance of about four feet as he arrived at the massage parlor.

Sargent was charged by Affidavit with Second Degree Burglary, but was convicted by a jury on July 10, 1972, of Entering To Commit A Felony, *i.e.*, Theft, and was sentenced to a term of not less than one nor more than five years.

## ISSUES

ISSUE ONE. Was Officer Coyle's identification evidence sufficient to establish Sargent's identity as the man who escaped from the massage parlor on May 3, 1972?

ISSUE TWO. Was the evidence sufficient to prove that Sargent possessed intent to commit theft at the time he entered the massage parlor?

As to ISSUE ONE, Sargent contends that Officer Coyle's identification evidence was insufficient to establish Sargent's identification beyond a reasonable doubt for the reason that it was uncorroborated and therefore unreliable.

The State, on the other hand, contends that Officer Coyle's identification evidence was sufficient to sustain Sargent's identification beyond a reasonable doubt for the reason that Officer Coyle was able to positively identify Sargent in person, by description, and by photograph.

As to ISSUE TWO, Sargent contends that the evidence of his flight by itself does not prove that he entered the massage parlor with the intent to commit theft.

The State argues this court may not reweigh the evidence and that specific intent is a question of fact to be determined by the trier of fact from the evidence, which was more than sufficient (in addition to flight) to indicate beyond a reason-

able doubt that Sargent's entry was with the intention to commit theft.

## DECISION

ISSUE ONE.

CONCLUSION—It is our opinion that Officer Coyle's identification of Sargent was sufficient to establish Sargent's identity beyond a reasonable doubt as the man who fled from the massage parlor on May 3, 1972.

In *Rhodes* v. *State* (1972), 154 Ind. App. 594, 598, 290 N.E. 2d 504, 506-7, this court recently discussed the general rules applicable to eyewitness identification and the sufficiency of such identification for purposes of conviction. We stated:

"To be convincing *the identification evidence may be that of a single eyewitness* or the victim of a crime, *even though the witness is not positive and can only testify that he believes the accused is the person whom he saw commit the crime. Wright* v. *State* (1957), 237 Ind. 593, 147 N.E.2d 551; *Medsker* v. *State, supra; Bryant* v. *State* (1972), 257 Ind. 679, 278 N.E.2d 576; *Cole* v. *State* (1966), 247 Ind. 451, 215 N.E.2d 865.

"Whatever decision the trier of facts reaches on the evidence, this court will not reweigh that evidence or determine the credibility of witnesses. The conviction will be affirmed if there is substantial evidence of probative value from which the trier of facts could infer beyond a reasonable doubt that the defendant was guilty. *Potter* v. *State* (1971), [257 Ind. 370], 274 N.E.2d 699; *Fuller* v. *State* (1971), [256 Ind. 681], 271 N.E.2d 720." (Emphasis supplied.) See also: *Ellis* v. *State* (1969), 252 Ind. 472, 250 N.E.2d 364; *Bryant* v. *State* (1972), 257 Ind. 679, 278 N.E.2d 576; *Hardin* v. *State* (1972), 153 Ind. App. 317, 287 N.E.2d 359.

So, the uncorroborated identification evidence of a single eyewitness is sufficient to warrant a conviction.

Officer Coyle stood approximately four feet from Sargent for about ten to twelve seconds prior to the time that Sargent sought to escape through the building and out the back door. From this face-to-face confrontation, Officer Coyle was able to report a detailed description of the suspect, including his

height, weight, race, and wearing apparel. In addition, he chose Sargent's photograph from a group of twelve photographs and identified him at the trial.

No unusual circumstances tending to mitigate Officer Coyle's identification of Sargent appear in the record, nor was he contradicted. To say more is to belabor the point.

ISSUE TWO.

CONCLUSION—It is our opinion that the evidence was sufficient to prove beyond a reasonable doubt that Sargent harbored an intention to commit theft at the time he entered the massage parlor.

To sustain a conviction for entering to commit a felony, the State must prove that the defendant possessed an intention to commit a felony at the time he entered the building. And circumstantial evidence is admissible to prove such intent and to sustain a conviction for entering to commit a felony. *Luther* v. *State* (1912), 177 Ind. 619, 98 N.E. 640; *Tait* v. *State* (1963), 244 Ind. 35, 188 N.E.2d 537.

As our Supreme Court put it in *Walker* v. *State* (1968), 250 Ind. 649, 654, 238 N.E.2d 466, 469:

> " "* * * but the existence or non-existence of such a criminal intent upon such a record with conflicting inferences was a question of fact to be determined by the fact finding court or jury from all the evidence. *Booher* v. *State* (1901), 156 Ind. 435, 448, 60 N.E. 156, 160, 54 L. R. A. 391; *Aszman* v. *The State* (1890), 123 Ind. 347, 24 N.E. 123, 126.' *Hunter* v. *State* (1965), 246 Ind. 494, 207 N.E.2d 207.
> ". . . Intent may be inferred from circumstances which legitimately permit it. *Luther* v. *State* (1912), 177 Ind. 619, 625, 98 N.E. 640. . . .' *Tait* v. *State* (1963), 244 Ind. 35, 188 N.E.2d 537."

Flight is merely one circumstance to be considered by the finder of fact in determining if the requisite intent is present. It has no probative force unless it satisfactorily appears that the accused fled to avoid arrest or imprisonment for the crime charged. *Bradley* v. *State* (1972), 153 Ind. App. 421, 287 N.E.2d 759.

Thus, flight must combine with other circumstantial evidence to sustain a finding that the defendant possessed the Faustian intent necessary to commit a crime.

*Davis* v. *State* (1968), 251 Ind. 133, 239 N.E.2d 601, is in point because it illustrates some of the other factors that may combine with flight to prove the requisite intention in a burglary case, *i.e.*, the fact that property previously located inside the burglarized premises was found outside the premises, and identification of the defendant while inside the premises or running from the premises. In sustaining the conviction the court stated:

> "The jury can make a finding of intent based on the surrounding circumstances of the case, especially where, as in the case at bar, the defendant was seen in or leaving the premises and property from the premises was later found elsewhere. *Heacock* v. *State* (1968), 249 Ind. 453, 233 N.E.2d 179; *Wojcik* v. *State* (1965), 246 Ind. 257, 204 N.E.2d 866." *Davis* v. *State, supra* at 138, 239 N.E.2d at 604.

Sargent's flight and the circumstantial evidence surrounding his presence at the massage parlor fit neatly into the rule of *Davis.*

In addition to flight with a companion, there exist the added factors of Sargent's presence in and about the massage parlor, the presence of the radio and vibrator outside the building, a broken window, two unlocked doors which were previously locked, Sargent's unhesitating entry through one of these "locked" doors into the building after Officer Coyle arrived, and Officer Coyle's subsequent positive identification.

Aggregated, these factors exceed the simple flight evidence presented in *Bradley* v. *State, supra,* on which Sargent relies.

Sargent's conviction is therefore affirmed.

White, J., concurs; Sullivan, J., concurs with separate statement.

CONCURRING OPINION

SULLIVAN, J.—I concur only insofar as the decision of my colleagues is based upon the evidence disclosing that Sargent was an accessory in the commission of the crime charged and therefore could be convicted as a principal. IC 1971, 35-1-29-1, Ind. Ann. Stat., § 9-102 (Burns 1956); *Combs* v. *State* (1973), 260 Ind. 294, 295 N.E.2d 366; *Schmidt* v. *State* (1970), 255 Ind. 443, 265 N.E.2d 219.

NOTE.—Reported at 297 N.E.2d 459.