NOTE.—Reported at 304 N.E.2d 536.

DALE STRODE *v*. STATE OF INDIANA.

[No. 2-573A107. Filed December 21, 1973.]

*Richard L. Milan,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Larry C. Gossett,* Deputy Attorney General, for appellee.

## CASE SUMMARY

BUCHANAN, P.J.—Defendant-Appellant Dale Strode (Strode) appeals from a trial court conviction of Entering to Commit a Felony claiming insufficient evidence of intent to commit a felony.

We affirm.

## FACTS

The facts and evidence most favorable to the State are:

On July 26, 1972, Mrs. Emma Graham was living at 1221 Norton Avenue in Indianapolis, Indiana.

Earlier in the afternoon of that day she placed her billfold on the kitchen table near an unlocked rear door.

At approximately 4:00 o'clock on that day she walked out the back door of her residence around to her front yard and began gathering up leaves for eventual burning. The front door was locked. While working in the front yard she was informed by two passing girls that someone was knocking at her back door.

She slowly walked to the rear of her home and saw no one.

She then walked inside her home and found that her billfold containing approximately $7.00, her house key, and her personal papers and identification had been stolen. The $7.00 consisted of a five-dollar bill, two one-dollar bills, and some loose change.

She then called her neighbor, a Mrs. Deloris Pitman, who informed her that she had observed two boys, one of whom

she later identified to be Dale Strode, knock on the rear door of Mrs. Graham's home several times. When the door was not opened the two boys stepped inside and remained in the house for a minute or two. They then came out of the house and walked "fast" down an alley behind the house.

Mrs. Pitman also testified she saw no other people in the area during this period of time.

A short time later Mrs. Graham's billfold, minus her house key and money, was found beside the alley on the route taken by Strode and his companion.

Indianapolis Police Officer Kortepeter responded to a radio call to Mrs. Graham's home and shortly thereafter apprehended Strode and his companion, who were then identified by Mrs. Pitman.

Officer Kortepeter found Strode to be in possession of a five-dollar bill and a one-dollar bill and the other boy in possession of a one-dollar bill and some change.

Strode testified the purpose in knocking on the rear door of Mrs. Graham's home was to seek casual employment in cutting grass and denied ever entering the kitchen where the billfold was located.

## ISSUE

Was the evidence sufficient to prove that Strode entered Mrs. Graham's home with the intent to commit a felony?

Strode's contention is that the State's evidence only shows that he was on the premises on the date in question and there was no evidence that he actually entered Mrs. Graham's home with the requisite intent.

The State's response is that there was ample evidence of probative value from which the trier of fact could conclude that Strode entered Mrs. Graham's home and made off with her billfold.

## DECISION

CONCLUSION—It is our opinion that the evidence was sufficient to prove beyond a reasonable doubt that Strode entered Mrs. Graham's home with the requisite intent.

To sustain a conviction for Entering to Commit a Felony, the State must prove that the Defendant possessed an intention to commit a felony at the time he entered the premises. Circumstantial evidence is admissible to prove such intent and to sustain a conviction for Entering to Commit a Felony. *Luther* v. *State* (1912), 177 Ind. 619, 98 N.E. 640; *Tait* v. *State* (1963), 244 Ind. 35, 188 N.E.2d 537; *Walker* v. *State* (1968), 250 Ind. 649, 238 N.E.2d 466; *Davis* v. *State* (1968), 251 Ind. 133, 239 N.E.2d 601; *Bradley* v. *State* (1972), 153 Ind. App. 421, 287 N.E.2d 759; *Sargent* v. *State* (1973), 156 Ind. App. 469, 297 N.E.2d 459.

That the necessary evil intent may be revealed by the surrounding circumstances is indicated in *Davis* v. *State, supra*:

"The jury can make a finding of intent based on the surrounding circumstances of the case, especially where, as in the case at bar, the defendant was seen in or leaving the premises and property from the premises was later found elsewhere. Heacock v. State (1968), [249] Ind. [453], 233 N.E.2d 179; Wojcik v. State (1965), 246 Ind. 257, 204 N.E.2d 866." *Davis* v. *State, supra* at 138, 239 N.E.2d at 604.

To recite the strong circumstantial evidence sustaining Strode's conviction would only belabor an obvious point.

Strode's conviction is affirmed.

Sullivan and White, JJ., concur.

NOTE.—Reported at 304 N.E.2d 549.