ALBERT LEE WRIGHT *v.* STATE OF INDIANA.

[No. 2-673A136. Filed August 29, 1974.]

318

*Harriette Bailey Conn (Mrs.),* Public Defender of Indiana, *David P. Freund,* Deputy Public Defender, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert F. Colker,* Assistant Attorney General, for appellee.

### CASE SUMMARY

BUCHANAN, J.—Defendant-Appellant Albert Lee Wright (Wright) appeals from a conviction of First Degree Burglary claiming insufficient evidence.

We affirm.

### FACTS

The facts and evidence most favorable to the trial court's judgment are:

On May 7, 1970, a Willie Montgomery was working near 2529 Fernway Street, Indianapolis, when he observed three "kids" coming out of the house located at that address, carrying a green bag and a set of drums. Upon investigating he found that door had been broken in, and proceeded to call the Indianapolis Police Department.

While waiting for the police, he saw them again enter the house—two boys and two girls—carrying a guitar case.

The police then arrived and gave chase to the kids across an open field behind the house.

Officers, Hoover and Marsee testified they arrived on the scene about noon and observed three (3) youths fleeing across the field toward Tacoma and Keystone Streets. While giving chase for several blocks they observed one of the youths, a teenage girl, enter a house located at 2063 Keystone Avenue. After losing sight of the teenage boy they were chasing, they returned to the Keystone residence to which the teenage girl had fled.

They both also testified that while chasing the fleeing suspects they were able to get a good look at them and that Wright was one of the suspects they chased.

Upon returning to the Keystone residence, they then found Wright and the other youth (whom they had lost in the chase) standing on the porch. The two young men were immediately arrested.

Given permission to enter the house by Wright, who resided at the house, the police officers found the drum and green sleeping bag that Willie Montgomery had seen being carried from the house. At that time, Wright's thirteen-year old sister, Bernice, who was inside the house was also placed under arrest.

Later the guitar case and a sewing machine were found in the field across which the three (3) suspects had been chased by the police.

Jackie Bernard, a resident of the burglarized house, identified as his property the items discovered in the Wright residence as well as the articles found in the field. He further testified that the stolen articles had been in his house when he had left earlier in the day, that the door had been locked when he left, that he had not authorized Wright to enter his home, and that the door had been "kicked in".

Wright presented evidence to the effect that it was his sister and three other youths who had broken into Bernard's house and denied any involvement, claiming that he had just arrived home when the police officers arrested him.

The trial court found Wright guilty of First Degree Burglary and sentenced him to imprisonment for not less than ten nor more than twenty years.

This Court granted Wright's Petition for Permission to File a Belated Appeal pursuant to P.C. 2(B) on March 22, 1973, and this appeal follows.

## ISSUE

Was the evidence sufficient to support a conviction of First Degree Burglary?

Wright contends that the State presented circumstantial evidence which only proved he was in the area.

The State argues that the positive identification of Wright, together with the evidence of his flight from the scene of the crime and subsequent apprehension in possession of the stolen articles constitutes sufficient evidence upon which his conviction should be sustained.

## DECISION

CONCLUSION—It is our opinion that the evidence was sufficient to sustain Wright's conviction for First Degree Burglary.

IC 1971, 35-13-4-4, Ind. Ann. Stat. § 10-701 (Burns 1956) defines "first degree burglary":

"10-701 Burglary—First, second, and third degrees— Penalties.— (a) Whoever *breaks and enters* into any *dwelling-house* or other place of human habitation with the *intent to commit any felony therein,* or to do any act of violence or injury to any human being, shall be guilty of burglary in the first degree, and on conviction thereof shall be imprisoned not less than ten [10] years nor more than twenty [20] years and be disfranchised and rendered incapable of holding any office of trust or profit for any determinate period."  (emphasis supplied)

The circumstantial evidence supporting conviction while not overwhelming, is strong enough to support a reasonable inference of guilt beyond a reasonable doubt. *McAfee* v.

*State* (1973), 259 Ind. 687, 291 N.E.2d 554 at 556; *Guyton* v. *State* (1973), 157 Ind. App. 59, 299 N.E.2d 233; *Burton* v. *State* (1973), 260 Ind. 94, 292 N.E.2d 790; *Coach* v. *State* (1968), 250 Ind. 226, 235 N.E.2d 493; *Arrington* v. *State* (1952), 230 Ind. 384, 103 N.E.2d 210; *Mandich* v. *State* (1946), 224 Ind. 209, 66 N.E.2d 69; *Henry* v. *State* (1925), 196 Ind. 14, 146 N.E. 822; *Osburn* v. *State* (1905), 164 Ind. 262, 73 N.E. 601; *White* v. *State* (1948), 226 Ind. 309, 79 N.E.2d 771; *Farno* v. *State* (1974), 159 Ind. App. 627, 308 N.E.2d 724.

Although Montgomery could not positively identify Wright as one of the youths he witnessed breaking into and entering the Bernard home, he did observe the group carrying articles out of the house later identified as belonging to Bernard.

The police after hot pursuit of the fleeing suspects were able to identify them, including Wright. At the Wright home on Keystone the police immediately recognized and arrested the two youths standing in front of the house, one of whom was Wright, as two of the fleeing suspects. Wright's sister, Bernice, who was found inside the house was recognized and arrested as one of the fleeing group. Two of the stolen articles were likewise found inside the Wright residence.

In addition to the stolen articles recovered from the Wright residence, several items from the burglarized home were also found in the field, across which Wright and his companions had fled from the police.

A conviction for burglary may be sustained on circumstantial evidence and often is. *See, Sargent* v. *State* (1973), 156 Ind. App. 469, 297 N.E.2d 459; *Coleman* v. *State* (1971), 257 Ind. 439, 275 N.E.2d 786; *Cravens* v. *State* (1971), 257 Ind. 381, 275 N.E.2d 4; *Tyler* v. *State* (1973), 155 Ind. App. 252, 292 N.E.2d 630; *Walker* v. *State* (1968), 250 Ind. 649, 238 N.E.2d 466; *Tait* v. *State* (1963), 244 Ind. 35, 188 N.E.2d 537; *Bradley* v. *State* (1964), 244 Ind. 630, 195 N.E.2d 347; *Raymer* v. *State* (1964), 244

Ind. 644, 195 N.E.2d 350; *Luther* v. *State* (1912), 177 Ind. 619, 98 N.E.2d 640.

There is obviously more than mere presence of Wright in the area . . . as Wright contends. He was identified near the scene of the crime in flight and some of the stolen property was found in his house and the remainder in a field through which he was seen running. As the court said in *Davis* v. *State* (1968), 241 Ind. 133, 138, 239 N.E.2d 601, 604:

> "The jury can make a finding of intent based on the surrounding circumstances of the case, especially ˙where, as in the case at bar, the defendant was seen in or leaving the premises and property from the premises was later found elsewhere." *See also, Turner* v. *State* (1970), 255 Ind. 427, 265 N.E.2d 11; *Heacock* v. *State* (1968), 249 Ind. 453, 233 N.E.2d 179; *Wojcik* v. *State* (1965), 246 Ind. 257, 204 N.E.2d 866.

As we will not review the evidence nor determine the credibility of witnesses, we can only affirm the trial court's judgment. Sullivan, P.J. and White, J., concur.

NOTE.—Reported at 316 N.E.2d 385.