HAROLD L. WINDLE, JR. v. STATE OF INDIANA.

[No. 2-973A208. Filed August 29, 1974.]

*Richard L. Milan, Craven & Milan,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert F. Colker,* Assistant Attorney General, for appellee.

### CASE SUMMARY

BUCHANAN, J.—Defendant-Appellant Harold L. Windle, Jr. (Windle) appeals from a trial court conviction of First Degree Burglary, claiming insufficient evidence.

We affirm.

### FACTS

The facts and evidence most favorable to the trial court's judgment are:

About 3:00 A.M. on October 15, 1972, Mrs. Pauline Keen was aroused by barking dogs. Looking out the window, she observed a young man trying to break into her neighbor's house at 338 North Walcott, Indianapolis, Indiana, and promptly called the police.

Officer Charles Gorgol (Gorgol) responded to the call, arriving within a few minutes at the neighbor's house, belonging to a Mr. and Mrs. Herman Moore.

As Gorgol approached the house in his squad car, he turned off his lights and trained a spotlight on the front door of the Moore residence. As he did so he observed Windle coming out of the front door with both arms clutching items which were not immediately identifiable by the officer.

Caught in the spotlight, Windle immediately dropped the articles he was carrying on the floor by the front door and ran into the house. Gorgol exited his patrol car, entered the house, and turned on the living room lights just as Windle emerged from the kitchen. He placed Windle under arrest.

The back door of the residence opened from the kitchen into the back yard where the Moores kept two German Shepherd dogs.

Gorgol testified that there were two bows and an arrow, a quiver, and a shotgun strewn across the living room floor by the front door. He further noted that one of the windows in the living room had been broken and putty around the window had been removed.

Officer Earl Hankins (Hankins), who arrived after Windle had been apprehended, removed a knife from the suspect. Hankins testified that the knife had putty on it.

The State also called as witnesses two residents of the burgled home, Wanda Moore and her brother, William Hampton. Both testified that they were away from the house when the burglary was committed. Upon their return later on October 15, 1972, they found a total of four of the windows of the home broken. They further testified that the bows belonging to them were missing, together with a shotgun which belonged to Mrs. Moore's husband. All the doors had been locked and neither had given permission to Windle to enter the residence.

Evidence by Windle was to the effect that he had been on his way to visit a friend who lived in the second story of the Moore home, entry being possible only by an outside stairway. Upon arriving at the house, Windle noticed that the front door was open and several windows broken. Windle claimed that he was "investigating" when Officer Gorgol caught him in the spotlight at the front door. He denied having possession of the items at that time.

Mrs. Keen testified she observed some youths breaking into the Moore residence, but the one which she saw was not Windle.

The trial court found Windle guilty of First Degree Burglary and sentenced him to imprisonment for not less than ten (10) nor more than twenty (20) years.

## ISSUE

Was there insufficient evidence to support a conviction of First Degree Burglary?

Windle contends that the circumstantial evidence presented by the State merely established a suspicion of guilt.

The State replies that circumstantial evidence establishes each element of the offense.

## DECISION

CONCLUSION—It is our opinion that there was sufficient circumstantial evidence to support Windle's conviction for First Degree Burglary.

IC 1971, 35-13-4-4, Ind. Ann. Stat. § 10-701 (Burns 1956) defines "first degree burglary":

"10-701 Burglary—First, second, and third degrees—Penalties.— (a) Whoever *breaks and enters* into any *dwelling-house* or other place of human habitation with the *intent to commit any felony therein,* or to do any act of violence or injury to any human being, shall be guilty of burglary in the first degree, and on conviction thereof shall be imprisoned not less than ten [10] years nor more than twenty [20] years and be disfranchised and rendered incapable of holding any office of trust or profit for any determinate period." (emphasis supplied)

Although no eyewitness identified Windle as the person who broke into the Moore home, he was seen emerging from the front door with his arms laden with items later identified as belonging to the residents of the house. Exposed to the police spotlight, he fled into the house where he was apprehended moving away from an unlocked back door leading to a back yard with two German Shepherd dogs. Four windows of the house had been broken, the putty around one of which had been removed. A knife covered with putty was found in his possession. The house was empty at the time of the crime and had been locked by the residents, none of whom had given permission to Windle to enter the residence. The arresting police officer positively identified Windle as the individual he observed with the stolen property in the doorway of the house.

Justice Hunter stated the well-founded principle of law:

."That a conviction may be sustained wholly on circumstantial evidence is not in doubt provided the evidence is of such probative value that a reasonable inference of guilt may be drawn. *Coach* v. *State* (1968), 250 Ind. 226, 235 N.E.2d 493; *Medsker* v. *State* (1968), 249 Ind. 369, 232 N.E.2d 869; *Melvin* v. *State* (1968), 249 Ind. 351, 232 N.E.2d 606; *Stallings* v. *State* (1967), 249 Ind. 110, 231 N.E.2d 29." *Vaughn* v. *State* (1971), 255 Ind. 678, 266 N.E.2d 219, 220.

*See also,*
*Braster* v. *State* (1973), 260 Ind. 403, 295 N.E.2d 806; *Cravens* v. *State* (1971), 257 Ind. 381, 275 N.E.2d 4; *Stepson* v. *State* (1971), 257 Ind. 331, 274 N.E.2d 242; *Miller* v. *State* (1968), 250 Ind. 338, 236 N.E.2d 173; *Crawford* v. *State* (1968), 251 Ind. 437, 241 N.E.2d 795; *Ledcke* v. *State* (1973), 260 Ind. 382, 296 N.E.2d 412; *Atkins* v. *State* (1974), 159 Ind. App. 387, 307 N.E.2d 73; *Strode* v. *State* (1973), 159 Ind. App. 42, 304 N.E.2d 549; *Glover* v. *State* (1973), 157 Ind. App. 532, 300 N.E.2d 902; *Miller* v. *State* (1972), 153 Ind. App. 54, 285 N.E.2d 843.

The evidence circumstantial most favorable to the State was sufficient to support reasonable inferences of Windle's guilt beyond a reasonable doubt of each element of First Degree Burglary. *See, Farno* v. *State* (1974), 159 Ind. App. 627, 308 N.E.2d 724; *Robinson* v. *State* (1971), 257 Ind. 38, 271 N.E.2d 727; *Davis* v. *State* (1968), 251 Ind. 133, 239 N.E.2d 601; *Walker* v. *State* (1968), 250 Ind. 649, 238 N.E.2d 466; *Tait* v. *State* (1963), 244 Ind. 35, 188 N.E.2d 537; *McAfee* v. *State* (1973), 259 Ind. 687, 291 N.E.2d 554; *Guyton* v. *State* (1973), 157 Ind. App. 59, 299 N.E.2d 233; *Luther* v. *State* (1912), 177 Ind. 619, 98 N.E. 640; *Sargent* v. *State* (1973), 156 Ind. App. 469, 297 N.E.2d 459; *Bradley* v. *State* (1972), 153 Ind. App. 421, 287 N.E.2d 759; *Johnson* v. *State* (1972), 258 Ind. 683, 284 N.E.2d 517; *Turner* v. *State* (1970), 255 Ind. 427, 265 N.E.2d 11.

Windle's conviction of First Degree Burglary is affirmed.

Sullivan, P.J. and White, J., concur.

NOTE.—Reported at 316 N.E.2d 388.