BRADFORD ET AL. *v.* CITY OF COLUMBUS

[No. 17,569. Filed April 5, 1948. Rehearing denied April 29, 1948. Transfer denied September 28, 1948.]

*A. T. Conner,* of Columbus, and *Wickens and Wickens,* both of Greensburg, attorneys for appellants.

*Wm. A. Connors, Julian Sharpnack* and *Wm. Dobbins,* of Columbus, attorneys for appellee.

ROYSE, J.—On May 20, 1946, the Common Council of the City of Columbus passed an ordinance annexing to said city certain contiguous territory. Notice of the passage of this ordinance was published in a daily newspaper of general circulation in said city on May 22nd and 29th, 1946. On June 14, 1946, appellants filed in the Bartholomew Circuit Court their remonstrance and complaint against such annexation. Ap-

pellee appeared specially and filed its motion to dismiss the remonstrance and complaint on the grounds that the complaint showed on its face that it was not filed within 10 days after the last publication of the notice of passage of the ordinance, and therefore the court did not have jurisdiction to hear and determine the question presented. On July 30, 1946, the trial court, without hearing of evidence, sustained this motion and entered judgment dismissing the remonstrance and complaint. By proper assignment of error that judgment is questioned here.

Appellants make two contentions. First, they say the motion to dismiss is not sufficient because it is based upon lack of jurisdiction of the court, and such lack does not appear on the face of the record. In support of this contention they say § 48-701, Burns' 1933, provides that upon the passage of an ordinance of annexation it shall be published for at least two consecutive weeks in a daily newspaper of general circulation; that the Acts of 1927, p. 252; § 49-704, Burns' 1933, relating to legal advertising, passed subsequently to the foregoing Act, requires that all ordinances affecting city business shall be published in two newspapers representing the two political parties casting the highest number of votes at the last preceding election published in said city; and, if only one political party is represented by a newspaper published in said city, that ordinances shall be published in another newspaper of general circulation published in said city; that the same act repealed all laws or parts of laws in conflict therewith. They contend the remonstrance merely alleges the ordinance was published for two weeks in *a daily newspaper*. There is no allegation as to whether it was published in any other newspaper. The record is wholly silent as to

whether there is more than one newspaper in said city. The motion does not point out the remonstrance is insufficient because it does not show there was no other newspaper with proper qualifications published in said city. They contend they had the right to file a remonstrance before all publication required by law was completed. That, therefore, even if the remonstrance was filed later than ten days after one publication was made, it was not too late if other publications were required.

In answer to this contention appellee says no question of the sufficiency of the notice was raised in the remonstrance or in the court below, and nothing in the record shows any defect of notice; that the Act of 1927 refers to the publication of notices affecting city business; that the annexation of territory is not city business as contemplated by that Act.

Appellants' second contention is the remonstrance was filed in time and therefore the trial court had jurisdiction to hear and determine the cause. In support of this contention they say the publication provided for in the annexation Act is not completed until 14 days after the first printing of the ordinance, and therefore the publication was not completed until June 5, 1946. Their remonstrance was filed within ten days from said last mentioned date. Appellee says this is not a proper construction of the Act.

The phrase "affecting . . . city . . . business" in § 49-704, *supra,* in our opinion limits the application of the Act to the ordinary business affairs that are common to municipal corporations. If this is not true the foregoing phrase is mere surplusage. The annexation of territory to a city is not such business as is contemplated by this Act. *Peck* v.

*Wm. M. Birch Co.* (1923), 80 Ind. App. 58, 67, 139 N. E. 696.

In 43 C. J. 112, § 66, it is stated: "A board or body other than the legislature may exercise powers with respect to the annexation of territory *only when such powers are vested in it by the legislature, and then only to the extent of the powers expressly granted by the legislature;* a municipality or its corporate authorities can in no case annex territory without authority conferred by statute or constitutional provision." (Our emphasis.)

In 27 Am. Jur. 640, § 24, the rule is stated as follows: "A municipal corporation or its corporate authorities have no power to extend its boundaries otherwise than provided for by legislative enactment or constitutional provision. Such power may be validly delegated to municipal corporations by the legislature, and when so conferred *must be exercised in strict accord with the statute conferring it.*" (Our emphasis.)

Therefore, the provisions of § 49-704, *supra,* are not applicable to annexation ordinances. The provision of § 48-701, Burns' 1933, requiring publication *"in a daily newspaper, etc."* is controlling in such actions.

We are of the opinion that the provision in § 48-702, Burns' 1933 (Supp.), providing that remonstrances must be filed "within ten (10) days after the last publication provided for in the preceding section," requires such remonstrance to be filed ten days from the date of last publication. *Southern Ind. R. Co.* v. *Indianapolis, etc., R. Co.* (1907), 168 Ind. 360, 81 N. E. 65, 13 L. R. A. (N. S.) 197; *Peck* v. *Wm. M. Birch Co., supra.* Therefore, the remonstrance was not filed within the time prescribed by the statute.

Under these circumstances, even if it be conceded the trial court erred in sustaining the motion to dismiss, appellants were not harmed by such action because obviously no amendment could be made to this remonstrance which would bring them within the time allowed by the statute for the filing thereof. *Yelton* v. *Plantz* (1948), 226 Ind. —, 77 N. E. 2d 895.

Judgment affirmed.

NOTE.—Reported in 78 N. E. 2d 457.