THE TOWN OF ARGOS ET AL. *v.* RITZ CRAFT REALTY, INC. ET AL.

[No. 1167S128. Filed June 21, 1968.]

Bruce R. Bancroft, and *Thornburg, McGill, Deahl, Harman, Carey & Murray,* of South Bend, for appellants.

*Eugene B. Chipman,* and *Chipman, Chipman and Rakestraw,* of Plymouth, for appellees.

HUNTER, J.—This is an appeal from a declaratory judgment in favor of appellees which was rendered upon appellees' motion for summary judgment. Appellant filed a cross-motion for summary judgment which was denied.

This Court's jurisdiction of this appeal arises under Ind. Anno. Stat., § 4-214 (1968 Replacement), since the central issue in this case is the validity or invalidity of a certain annexation ordinance heretofore adopted by the Board of Trustees of the Town of Argos, Indiana, a municipal corporation.

The relevant facts are not in dispute. On January 7, 1964, Ordinance No. 233 was duly enacted by the Board of Trustees of the Town of Argos, Indiana. By this ordinance, the Town of Argos sought to annex certain areas adjacent to the town boundaries. Some of the owners of property in the annexed area are the appellees in this action, having successfully contested the validity of the said ordinance in the court below.

The only newspaper published in the Town of Argos during all times relevant to this litigation was *The Argos Reflector,*

a weekly newspaper of general circulation which is printed and published in the English Language and had been so published for at least five (5) years prior to January 7, 1964, and has been accepted during that period as mailable second class matter by the United States Post Office.

Notice of the passage of Ordinance No. 233 of the Town of Argos was published in *The Argos Reflector* for two (2) consecutive weeks on January 16, 1964, and on January 23, 1964. On May 27, 1966, the Board of Trustees of the Town of Argos caused the text of the annexation ordinance to be recorded in the office of the Recorder of Marshall County, Indiana.

The appellees remonstrated against the annexation ordinance and this action followed. After appellees' motion for summary judgment was granted, appellant Town of Argos filed a motion for new trial alleging that the decision of the court below is contrary to law and that the decision of the court effected an absurd result. The motion for new trial was overruled and this appeal followed.

As a matter of general interest, it should be pointed out that due to a recent amendment to Rule 2-6 of the Rules of the Supreme Court of Indiana, a motion for new trial is no longer the proper vehicle for raising error claimed by reason of the entry of summary judgment. Under that amendment however, the motion in this case is acceptable. The amendment to Rule 2-6, in the form of two added paragraphs, became effective April 22, 1968 and reads as follows:

"Provided, however, a motion for a new trial shall not be appropriate for raising error claimed by reason of the entering of a summary judgment. The sustaining of a motion for a summary judgment and the granting of same may be assigned and specified separately in the assignment of errors for consideration on appeal.

"Provided further, however, that in all cases prior to the effective date of this amendment, where a motion for a new trial has been filed following a summary judgment, the parties to said action shall have the same time within which to file a transcript and assignment of errors for appeal as in those cases where a motion for a new trial is proper, and

the alleged error is set forth and specified in the motion for a new trial considered on appeal."

Upon consideration of appellant's allegation that the decision of the court below is contrary to law, we are of the opinion that appellant is correct and must prevail in this action. Analysis and construction of three statutory provisions leads us inevitably to this result.

In 1905, the statute which is now codified as Ind. Anno. Stat., § 48-701 (1963 Replacement) was enacted in its original form. This statute was amended in 1955, but such amendments did not affect any aspect of the outcome of this case. In pertinent part, § 48-701 presently reads:

"Corporate boundaries—Annexation of lands.—The common council shall have power, by ordinance, to declare and define the entire corporate boundaries of such city, and such ordinances, properly certified, shall be conclusive evidence, in any court or proceeding, of the boundaries of such city, except as provided in the next section. Such ordinances defining the entire city boundary may include contiguous territory, whether platted or not, not previously annexed, and may include such terms and conditions, as hereinafter defined, as may be deemed just and reasonable by said common council, and such annexation shall be binding, unless such newly annexed territory shall be within the limits of another town or city, in which case there may be an appeal, as hereinafter provided. Said common council may also, by separate ordinance, not purporting to define the entire boundaries of such city annex contiguous territory, whether platted or not, to such city, and may include such terms and conditions, as hereinafter defined, as may be deemed just and reasonable by said common council, and a certified copy of such ordinances shall be conclusive evidence in any proceeding that the territory therein described was properly annexed and constitutes a part of such city, except as provided in the following sections. Immediately after the passage of every such ordinance as provided for in this section, the same shall be published for at least two (2) consecutive weeks in a *daily* newspaper of general circulation published in such city." (Emphasis added.)

The provision in § 48-701, *supra,* requiring publication in a *daily* newspaper has been a part of this statute since its

original enactment in 1905. Ind. Anno. Stat., § 48-712 *et seq.* (Replacement, 1963) make the provisions of § 48-701 applicable to town annexations as well as city annexations.

In 1927, however, a general act was passed by the General Assembly entitled: "An Act concerning legal advertising and the publication of legal notices, reports and ordinances, and other information, prescribing the rates to be paid therefor, the time and manner of publication, and prescribing penalties for failure to comply with the provisions thereof." Acts of 1927, Chapter 96.

Section 7 of that Act, now codified as Ind. Anno. Stat., § 49-707, was amended in 1949 and now reads as follows:

"49-707. Publication of notices in newspapers.—In all cases where the law provides for the publication of legal notices in a newspaper, it shall be legal to make such publication in either a daily, weekly, semiweekly or triweekly newspaper which for at least five (5) years, has been a newspaper of general circulation, printed in the English language and entered, authorized and accepted by the post-office department of the United States of America as mailable matter of the second class as defined by the Act of Congress of the United States of March 3, 1879 and having a bona fide circulation: Provided, That such publication, if made in a daily or semiweekly or triweekly newspaper, shall be published once a week for the same period and time as required by law, and it shall be made on the same day of each week."

Section 10 of the 1927 Act has not been codified, but nevertheless, is a repeal provision which repealed all laws and *parts of laws* in conflict with all other sections of Chapter 96 of the Acts of 1927. As a result of this repeal provision, § 49-707, *supra,* became controlling over that part of § 48-701, *supra,* in conflict therewith.

It was successfully contended by the appellee in the court below that the general act concerning legal advertising, of which § 49-707, *supra,* is a part, does not apply to the publication of annexation ordinances. As authority for that proposition, appellee cites *Bradford* v. *City of Columbus* (1948), 118

Ind. App. 408, 78 N. E. 2d 457. In the *Bradford* case it was held that Ind. Anno. Stat., § 49-704 (Replacement, 1963), which prescribes the general manner of publishing legal notices, ordinances and reports, did not apply to the manner of publishing city annexation ordinances. The theory relied on by the court in *Bradford* was that the language of that section limited its application to "ordinary business affairs" of the city, and that annexation of territory did not fall within that category. We need not decide at this time whether or not the *Bradford* case represents a proper interpretation of § 49-704. The fact is, the decision in *Bradford* has absolutely no bearing on the outcome of the present case since the opinion in that case is strictly limited to an interpretation of § 49-704.

The only question in this case is whether the requirement of § 48-701, *supra,* (that an annexation ordinance be published in a *daily* newspaper) has been abrogated by § 49-707, *supra.* The language of § 49-707, *supra,* is not similar in any respect to the language of § 49-704, which was involved in the Bradford case. Section 49-707, by its terms, applies "in all cases where the law provides for the publication of legal notices in a newspaper." Therefore, the *Bradford* case notwithstanding, we hold that § 49-707, *supra,* in combination with the repeal provision of the Acts of 1927, Ch. 96, § 10, abrogated the final sentence of the first paragraph of § 48-701, *supra,* insofar as that sentence limits publication of annexation ordinances to daily newspapers only. We further hold that publication for two consecutive weeks of Ordinance No. 233 of the Town of Argos in *The Argos Reflector,* a weekly newspaper, constituted full and sufficient compliance with the present Indiana law, as outlined above.

It is also important to recognize that if appellees' position were to prevail in this case, the power of any town to annex territory, which power is given by statute, § 48-712 *et seq.,* would depend entirely upon whether or not a daily newspaper of general circulation is published in such town. Under appellees' theory, if no such newspaper existed in a given town, that town would be unable to exercise a power granted it by

the General Assembly. In effect, the power to annex would be nullified by a fortuity. This Court cannot accept such an absurdity.

> "It is presumed that the Legislature does not intend an absurdity, and such a result will be avoided if the terms of the act admit of it by a reasonable construction." *Marks* v. *State* (1942), 220 Ind. 9, 40 N. E. 2d 108.
> "To make a town's power to annex contiguous territory dependent on the location of a newspaper would indeed be an absurdity." Opinions of the Attorney General, 1966, Opinion No. 42.

Therefore, as a result of our interpretation of the statutes operative in this case, and in view of the obvious unreasonableness of the opposite result, this cause is reversed and remanded to the court below with instructions that appellants' motion for summary judgment be granted, and appellees' motion for summary judgment be denied.

Judgment reversed.

Lewis, C. J., Arterburn and Jackson, JJ., concur. Mote, J., not participating.

NOTE.—Reported in 238 N. E. 2d 14.