CITY OF LAWRENCE *v.* LAWRENCE EARL MILAN, ET AL.

[No. 668S94. Filed April 11, 1969.]

*DeWester, Raftery & Andrews,* of Indianapolis, for appellant.

*Sidney Mishkin, Bamberger & Fiebleman,* of Indianapolis, for appellee.

HUNTER, J.—This is an appeal from the judgment entered by Marion Superior Court, Room No. 5, as a result of a remonstrance to an annexation proceeding filed by the appellees against the appellant City of Lawrence. The remonstrance action sought to have an annexation ordinance enacted by the common council of the City of Lawrence declared to be null and void.

The issues were formed by the filing of the remonstrance in two legal paragraphs to which appellants filed appropriate answers. The appellees then filed a motion for summary judgment on the second paragraph of their remonstrance (complaint).

Legal paragraph two of appellees' remonstrance alleged that the annexation ordinance should have been published in a *daily* newspaper of general circulation in the annexing city and that instead, said ordinance had been published only in a weekly newspaper, the Lawrence and Suburban Journal, and, therefore, that the ordinance was invalid, null and void. The motion further stated that there was no genuine issue of fact and that the appellee remonstrators were entitled summary judgment under said paragraph as a matter of law.

The court found there was no genuine issue of material fact as to the matters set forth in second paragraph of the remonstrance for the following reasons:

"1. Acts 1905, Ch. 129, Sec. 242, p. 219, as amended, (Burns' Ind. Stat. Ann. Sec. 48-701) requires that a city publish annexation ordinances in a daily newspaper of general circulation published in the city.

. . .

3. *Acts 1905, Ch. 129, Sec. 242, p. 219, as amended, is the only statute which governs the publication of annexation ordinances and the provisions* of Acts 1927, Ch. 96, Sections 1-10, p. 252, as amended, . . . *have no application to the publication of annexation ordinances. Bradford v. City of Columbus* [118 Ind. App. 408, 78 N. E. 2d 457 (1948)], 1967 Attorney General's Opinion Number 45 (December 12, 1967).

It is, therefore, ordered, adjudged and decreed that summary judgment be entered for plaintiffs on paragraph 2 of their complaint; that ordinance No. 5, 1964 is invalid, null and void; that the City of Lawrence, its officers, agents and representatives be and the same hereby are permanently enjoined from exercising or attempting to exercise jurisdiction over the area described in said ordinance pursuant to any grant of power contained in said ordinance; and that plaintiffs have their costs expended herein.

DATED this *25* day of January, 1968" (our emphasis).

The appellant urges the summary judgment is contrary to law and should be reversed for the following reasons:

"1. The Court erred in finding that The Indianapolis Star, the Indianapolis News and The Indianapolis Times were each daily newspapers of general circulation published in the City of Lawrence during 1964.

2. The court erred in finding that there is no genuine issue of material fact as to the matters set forth in legal paragraph 2 of Appellees complaint and that Appellees were entitled to a judgment as a matter of law."

The appellees' motion for summary judgment admitted the essential issue of fact bearing on the questions presented by this appeal to-wit:

"2. Ordinance # 5, 1964 of the City of Lawrence . . . was published solely in a *weekly newspaper*, the Lawrence and Suburban Journal. . ." (our emphasis).

The trial court based its judgment on the proposition that Ind. Ann. Stat. § 48-701 (1963 Repl.), and *Bradford v. City of Columbus, supra,* are controlling. If § 48-701 and *Bradford* are solely applicable to the issue in the case at bar, the judgment should be affirmed; if not, the trial court must be reversed.

The portion of § 48-701, *supra,* found by the trial court to be controlling in its applicability to the issues in the case at bar reads as follows:

"Immediately after the passage of every such ordinance as provided for in this section, the same shall be published for at least two (2) consecutive weeks in a daily newspaper of general circulation published in such city."

In the case of *Town of Argos v. Ritz Craft Realty, Inc.* (1968), 250 Ind. 562, 238 N. E. 2d 14, 16, this court in an exhaustive review of all the statutes dealing with publication of notices as related to municipal corporations stated:

"The provision in § 48-701, *supra,* requiring publication in a *daily* newspaper has been a part of this statute since its original enactment in 1905. Ind. Ann. Stat. § 48-712 et seq. (Replacement, 1963) make the provisions of § 48-701 applicable to town annexations as well as city annexations.

In 1927, however, a general act was passed by the General Assembly entitled: 'An Act concerning legal advertising and the publication of legal notices, reports and ordinances, and other information, prescribing the rates to be paid therefor, the time and manner of publication, and prescribing penalties for failure to comply with the provisions thereof.' Acts of 1927, Chapter 96.

Section 7 of the Act, now codified as Ind. Ann. Stat. § 49-707, was amended in 1949 and now reads as follows:

'49-707. Publication of notices in newspapers.—In all cases where the law provides for the publication of legal

notices in a newspaper, it shall be legal to make such publication in either a daily, weekly semiweekly of (sic) triweekly newspaper which for at least five (5) years, has been a newspaper of general circulation, printed in the English language and entered, authorized and accepted by the post-office department of the United States of American [sic] as mailable matter of the second class as defined by the Act of Congress of the United States of March 3, 1879 and having a bona fide paid circulation: Provided, That such publication, if made in a daily or semiweekly or triweekly newspaper, shall be published once a week for the same period and time as required by law, and it shall be made on the same day of each week.'

Section 10 of the 1927 Act has not been codified, but nevertheless, is a repeal provision which repealed all laws and *parts of laws* in conflict with all other sections of Chapter 96 of the Acts of 1927. As a result of this repeal provision, § 49-707, *supra,* became controlling over that part of § 48-701, *supra,* in conflict therewith.

It was successfully contended by the appellee in the court below that the general act concerning legal advertising of which § 49-707, *supra,* is a part, does not apply to the publication of annexation ordinances. As authority for that proposition, appellee cites *Bradford v. City of Columbus* (1948), 118 Ind. App. 408, 78 N. E. 2d 457. In the *Bradford* case it was held that Ind. Ann. Stat. § 49-704 (Replacement, 1963), which prescribes the general manner of publishing legal notices, ordinances and reports, did not apply to the manner of publishing city annexation ordinances. The theory relied on by the court in *Bradford* was that the language of that section limited its application to 'ordinary business affairs' of the city, and that annexation of territory did not fall within that category. We need not decide at this time whether or not the *Bradford* case represents a proper interpretation of § 49-704. The fact is, the decision in *Bradford* has absolutely no bearing on the outcome of the present case since the opinion in that case is strictly limited to an interpretation of § 49-704." (original emphasis).

It should also be noted that *Bradford* was decided in 1948, and Ind. Ann. Stat. § 49-707, *supra,* was amended in 1949; therefore, *Bradford* has no applicability to the issues in the case at bar.

"The only question in this case is whether the requirement of § 48-701, *supra,* (that an annexation ordinance be published in a *daily* newspaper) has been abrogated by § 49-707, *supra.* The language of § 49-707, *supra,* is not similar in any respect to the language of § 49-704, which was involved in the *Bradford* case. Section 49-707, by its terms, applies 'in all cases where the law provides for the publication of legal notices in a newspaper.' Therefore, the *Bradford* case notwithstanding, we hold that § 49-707, *supra,* in combination with the repeal provision of the Acts of 1927, Ch. 96, § 10, abrogated the final sentence of the first paragraph of § 48-701 ,*supra,* insofar as that sentence limits publication of annexation ordinances to daily newspapers only. We further hold that publication for two consecutive weeks of Ordinance No. 233 of the Town of Argos in The Agros [sic] Reflector, a weekly newspaper, constituted full and sufficient compliance with the present Indiana law, as outlined above." 238 N. E. 2d at 17 (Original emphasis).

We therefore hold that publication of notice in the Lawrence and Suburban Journal was in conformity with Ind. Ann. Stat. § 49-707, *supra,* and that said newspaper conforms to the standards enunciated in said statute. While it is not necessary to a determination of this appeal, it would appear from a review of the statutes and the various publications in existence at the time of the passage of said ordinance that the City of Lawrence had a legal option in publishing its notice in said newspaper pursuant to Ind. Ann. Stat. § 49-707, *supra.*

Finding no justiciable issue of fact presented by paragraph two of the appellees' remonstrance, this cause should be reversed and remanded with instructions to the trial court to enter judgment for the appellant City of Lawrence and against the remonstrators on said paragraph.

Judgment reversed.

DeBruler, C. J., Arterburn and Givan, JJ., concur. Jackson, J., concurs in result.

NOTE.—Reported in 246 N. E. 2d 380.