BILLY NAPIER *v.* STATE OF INDIANA.

[No. 373S55. Filed July 17, 1973.]

*Robert S. McCain,* of Fort Wayne, for appellant.

*Theodore L. Sendak,* Attorney General, *Lynda F. Huppert,* Deputy Attorney General, for appellee.

ARTERBURN, C.J.*—Defendant-appellant, Billy Napier, was charged by indictment with the crime of second-degree murder in the shooting death of Patrick M. Rhine on May 23, 1972. Appellant pleaded not guilty and trial was had before a jury in the Allen Circuit Court on August 29, 1972. The jury returned a verdict of guilty as charged and thereafter, on September 25, 1972, the trial court entered judgment and sentenced the Appellant to imprisonment in the Indiana State Prison for a period of not less than fifteen (15) nor more than twenty-five (25) years. On September 28, 1972, the Appellant filed his Motion to Correct Errors. It is from the overruling of that motion that this appeal is taken.

The sole issue raised in this appeal is whether the evidence is sufficient to sustain the jury's verdict of guilty as to the charge of second-degree murder. When the sufficiency of evidence is raised on appeal, this Court will neither weigh the evidence nor resolve questions concerning

---

* This case was reassigned from another Justice to the writer of this opinion on June 27, 1973.

the credibility of witnesses. Only that evidence most favorable to the state will be considered together with all reasonable inferences to be drawn therefrom, and if, from that viewpoint, there is substantial evidence of probative value to establish every material element of the crime beyond a reasonable doubt, the verdict will not be disturbed. *Moore* v. *State* (1973), 260 Ind. 154, 293 N. E. 2d 28; *Dunn* v. *State* (1973), 260 Ind. 142, 293 N. E. 2d 32; *Wardlaw* v. *State* (1972), 259 Ind. 282, 286 N. E. 2d 649; *Lee* v. *State* (1972), 259 Ind. 301, 286 N. E. 2d 840. The evidence most favorable to the state discloses the following facts.

On March 23, 1972, the Appellant, Billy Napier, was at the Press Box Tavern located in Fort Wayne, Indiana. He was engaged in a pool game with Donald Coe, Thomas Pollum, and Patrick Rhine, the deceased. As the game progressed, the Appellant and Donald Coe twice became involved in arguments over what the Appellant thought were Coe's illegal shots. As a result of the arguments, the game broke up when the owner of the bar ordered the parties to settle their dispute elsewhere. All of the players, with the exception of the Appellant, left the tavern by way of the rear door which opened onto a parking area located behind the establishment. Appellant followed a few moments after the other three had exited, but, just as he was leaving he told the tavern owner, "Bud, I'm going to kill him." (referring to Donald Coe). Once outside the tavern, the argument between Coe and the Appellant continued. As Coe dropped his arm back and leaned against a parked car, the Appellant pulled a gun from his pocket and began shooting. Several shots were fired, at least one of which hit and wounded Coe. Two of the shots hit and fatally wounded Patrick Rhine.

The Appellant contends that because the state failed to establish that the Appellant purposely and maliciously killed Patrick Rhine his conviction cannot stand. Appellant asserts that the killing was merely an accident because he never intended to kill the decedent. The question, of course, is whether reasonable men, having heard the evi-

dence, could reach the conclusion that Appellant purposely and maliciously took the life of the decedent. It is well settled in this state the malice may be inferred from the intentional use of a deadly weapon in a manner calculated or likely to produce death. *Blackburn* v. *State* (1973), 260 Ind. 5, 291 N. E. 2d 686; *Jones* v. *State* (1970), 253 Ind. 456, 255 N. E. 2d 105; *Baker* v. *State* (1964), 245 Ind. 129, 195 N. E. 2d 91; *Miller* v. *State* (1962), 242 Ind. 678, 181 N. E. 2d 633; *Schlegel* v. *State* (1958), 238 Ind. 374, 150 N. E. 2d 563. Here, the Appellant admittedly used a deadly weapon in a manner likely to cause death. Although the evidence is in conflict, there is testimony from eye-witnesses to the effect that the Appellant shot in the direction of Donald Coe. At the time of the altercation between Appellant and Coe, the decedent was behind and a little to one side of Coe. The appellant's version of the incident, which the jury was entitled to believe or not as they chose, asserts that he was only trying to protect himself from Coe, and had no intention of killing anyone. We are of the view that the jury could have concluded from the evidence before them that the Appellant used more force than was necessary under the circumstances to repel Coe, and that his purposeful and malicious use of a deadly weapon against Coe cannot excuse the natural and probable consequence of death or serious injury to a bystander like Rhine. The doctrine of transferred intent operates in this case to make the killing of Rhine purposeful and malicious, since the evidence shows that the Appellant originally intended the natural and probable consequences of his use of the gun against Coe, and in firing the gun in Coe's direction, also fatally wounded Rhine. The doctrine has been stated thusly:

"When one intends to assault a certain person with a deadly weapon and by mistake or inadvertence assaults another person with such weapon, in the eyes of the law his intent is transferred from the person to whom it was directed to the person actually assaulted; and a perperson committing such an act is deemed guilty of assault with a deadly weapon, in like effect as if he had originally

intended to attack the person thus assaulted through mistake or inadvertence."

*Matthews* v. *State* (1958), 237 Ind. 677, 680, 148 N. E. 2d 334, 335; See also, *Noelke* v. *State* (1938), 214 Ind. 427, 430-31, 15 N. E. 2d 950, 952. In *Taylor* v. *State* (1973), 260 Ind. 264, 295 N. E. 2d 600, the reasoning thus stated was applied in a case where the charge was second degree murder. We think it fully applicable to the case at bar.

For the reasons stated the judgment of the trial court is affirmed.

All Justices concur.

NOTE.—Reported in 298 N. E. 2d 427.