DONALD E. MERRILL *v.* STATE OF INDIANA.

[No. 1-673A121. Filed November 20, 1973.]

*J. Bayne Burton,* of Anderson, for appellant.

*Theodore L. Sendak,* Attorney General, *A. Frank Gleaves, III,* Deputy Attorney General, for appellee.

ROBERTSON, P.J.—The defendant-appellant (Merrill) brings this appeal from a conviction in the Madison Circuit Court for second degree burglary. Two issues are raised:

1. Was the jury's verdict supported by sufficient evidence?

2. Was it error for the trial court to permit a state's witness to testify following a violation of a separation of witnesses order?

In deciding whether the verdict is supported by sufficient evidence, this court will not weigh the evidence but will look only to the evidence most favorable to the state and to the reasonable inferences to be drawn therefrom. *Davis* v. *State* (1971), 257 Ind. 46, 271 N.E.2d 893. The conviction will be affirmed if there is evidence of probative value from which the trier of fact could reasonably infer that the appellants were guilty beyond a reasonable doubt. *Gann* v. *State* (1971), 256 Ind. 429, 269 N.E.2d 381; *Asher* v. *State* (1969), 253 Ind. 25, 244 N.E.2d 89.

At approximately 1:00 A.M., in the morning of November 16, 1971, the Anderson Police Department received a report that a person was in the building which housed the Recreation Equipment Company. Officer Springfield and Cadet Brown arrived at the scene first. They testified that they each shined a flashlight through a window on the west side of the building. Each saw a man in dark clothing, and each testified they got a good look at the suspect's face. Merrill, the defendant, was identified as the man they saw. Officer Hatfield testified that he saw a man wearing dark clothing exit the building through a door on the east side. The man first turned south toward Officer Hatfield thereby giving Officer Hatfield a look at his face. The man then ran east and Officer Hatfield gave chase. After briefly losing sight of the suspect, Officer Hatfield spotted and apprehended a man walking north on John Street. He testified that this was the same man he had been chasing.

Merrill argues that a discrepancy in the testimony of two

of the officers made it impossible for the jury to establish Merrill's guilt beyond a reasonable doubt. Officer Springfield stated he believed the suspect he saw through the window was wearing a yellow shirt, while Officer Hatfield testified that the person he apprehended was wearing a light blue shirt. We do not agree with Merrill that this discrepancy requires reversal. The basis of each officer's identification, as well as that of Cadet Brown, was his observation of the suspect's face, not the color of the suspect's shirt.

Merrill, in addition, asserts that the discrepancy between the amount of money, and its denominational makeup, taken from the building and that recovered from his person after arrest is inconsistent with his guilt beyond a reasonable doubt. He also contends that the fact that his vehicle parked near the scene of the burglary was locked points to his innocence. He suggests a burglar would be unlikely to leave his auto locked during the perpetration of his crime.

Merrill is asking this court to do that which we are precluded from doing—weigh the evidence. We find that the evidence most favorable to the state, together with its reasonable inferences, is of such probative value as to support the jury's verdict.

Merrill next contends that an uncorrected error of law occurred as a result of a violation of an order made regarding the separation of witnesses. A prospective state's witness, Officer Teague, joined a conversation between the Prosecuting Attorney and Captain Lewis, a state's witness whose testimony had been interrupted by a recess. The subject under discussion was whether Captain Lewis' name or initials were on a certain evidence tag. Officer Teague subsequently testified. We do not agree that the foregoing constituted reversible error. A violation of an order separating witnesses does not automatically entitle a defendant to a mistrial. *Hightower* v. *State* (1973), 260 Ind.

481, 296 N.E.2d 654. Nor are innocuous encounters cause for reversal. *Wright* v. *State* (1972), 259 Ind. 197, 285 N.E.2d 650. Permitting a witness to testify after a violation of such an order is within the sound discretion of the trial court. *Grimes* v. *State* (1972), 258 Ind. 257, 280 N.E.2d 575; *Myslinski* v. *State* (1971), 257 Ind. 453, 275 N.E.2d 544. The appropriate rule, dispositive of this issue, is contained in *McCoy* v. *State* (1960), 241 Ind. 104, 170 N.E.2d 43, where Chief Justice Arterburn held:

> "In the absence of any procurement or connivancy by the party using such a witness who has violated the order of the court, it is well established that it is within the discretion of the court to permit such a witness to testify. *Butler* v. *State* (1951), 229 Ind. 241, 97 N.E.2d 492; *Kelley* v. *State* (1948), 226 Ind. 148, 78 N.E.2d 457; *Romary* v. *State* (1945), 223 Ind. 667, 64 N.E.2d 22.
>
> It has even been held to be prejudicial error to refuse to permit such a witness to testify where the party calling such witness is not at fault for such violation. *Taylor* v. *The State* (1891), 130 Ind. 66, 29 N.E. 415; *The State, ex rel. Steigerwald* v. *Thomas* (1887), 111 Ind. 515, 13 N.E.35." 241 Ind., at 119, 170 N.E.2d at 50.

See also: *Marine et al.* v. *State* (1973), 158 Ind. App. 72, 301 N.E.2d 778.

Judgment affirmed.

Lowdermilk and Lybrook, JJ., concur.

NOTE.—Reported at 303 N.E.2d 663.