GEORGE H. LAMB *v.* STATE OF INDIANA.

[No. 2-674A136. Filed November 12, 1974.]

*Palmer K. Ward,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert E. Dwyer,* Deputy Attorney General, for appellee.

LOWDERMILK, J.—Defendant-appellant, George H. Lamb, was charged with the offense of second degree burglary. Trial

was had to the court without the intervention of a jury and the appellant was found guilty of the lesser included offense of entering to commit a felony. The court sentenced him for a term of one to five years and ordered him disfranchised for a period of three years.

Appellant timely filed his motion to correct errors. It is from the overruling of that motion that this appeal is taken.

The sole issue which appellant asserts on appeal is whether or not his conviction was sustained by sufficient evidence. The applicable rule for cases appealed on the ground of insufficiency of the evidence was well stated in the case of *Napier* v. *State* (1973), 260 Ind. 614, 298 N.E.2d 427, as follows:

".. . When the sufficiency of evidence is raised on appeal, this Court will neither weigh the evidence nor resolve questions concerning the credibility of witnesses. Only that evidence most favorable to the state will be considered together with all reasonable inferences to be drawn therefrom, and if, from that viewpoint, there is substantial evidence of probative value to establish every material element of the crime beyond a reasonable doubt, the verdict will not be disturbed. . . ." 298 N.E.2d 427, 428. See also, *Williams* v. *State* (1973), 260 Ind. 543, 297 N.E.2d 805.

The facts of this case are that the B & K Drive In Restaurant (B&K) was located at 1030 South Sherman Drive, Indianapolis, Indiana, and Sherrie Craig (Craig) was employed at the B&K on December 12, 1973, and had been so employed since June, 1973. On December 12, 1973, Craig worked until 11:00 P.M. and upon closing the restaurant removed the money from the cash register and without counting it, placed it in the safe. Craig closed the door of the safe but did not lock it, after which she and Pat Bitz, a fellow employee, then locked the door of the restaurant and left the premises.

Appellant Lamb had been waiting outside in the parking lot to take Craig home and while so doing was informed by Craig that she had left the safe unlocked. These two had been dating

since June, 1973, and had, about a week earlier, discussed the idea of leaving the safe unlocked.

While en route to Craig's residence they talked to one Mike Wouster at his home. Lamb testified that he discussed with Wouster Craig's leaving the safe open at the B&K Drive In Restaurant. Lamb took Craig home and did not see her for about an hour, at which time he again picked her up and he further testified he did not see Wouster again that night after the discussion of the unlocked safe. He further testified that during the time he was gone that he had not gone to the B&K and taken the money.

Craig and Lamb, while riding around, stopped at a market where Lamb purchased a pair of gloves, after which they returned to the B&K and parked outside the parking lot fence. Lamb put on the gloves and left the car, while Craig ducked down in the seat. Lamb went across a parking lot to the B&K and returned in one or two minutes without the gloves. At that time he told Craig he could not go through with the burglary and they drove to the home of Lamb's sister.

Craig testified she did not know how much money Lamb had when he picked her up that night, but he had $74.00 in one dollar bills in his possession while at his sister's home. Lamb testified he had only $25.00 at the time and he had earned that at his place of employment. Lamb gave Craig $6.00 that he owed to her.

Craig testified that the money placed in the unlocked safe by her included currency of the denominations of $20.00, $10.00, $5.00 and $1.00.

The owner of the B&K Restaurant testified he discovered the restaurant had been burglarized the next morning at 7:20 A.M. There was evidence that a side window had been forced open in the B&K building and the safe had been opened without force.

The offense of entering to commit a felony of which appellant was convicted is defined in IC 1971, 35-13-4-5, Ind. Ann. Stat. § 10-704 (Burns 1956):

> "Entering to commit a felony—Penalty.—Whoever enters any dwelling-house, or other place of human habitation, business-house, outhouse, shop, office, storehouse, warehouse, mill, distillery, pottery, factory, barn, stable, schoolhouse, church, meetinghouse, or any building used for religious worship, booth, tent, inclosed ginseng garden, boat, wharf-boat, or other water-craft, car, factory, freight house, station-house, depot, railroad-car, interurban or streetcar, or any other erection or inclosure, with the intent to commit a felony therein, shall, on conviction, be imprisoned for not less than one [1] year nor more than ten [10] years, and be disfranchised and rendered incapable of holding any office of trust or profit for any determinate period."

The elements of the offense which must be proved to sustain a conviction are: (1) entry, and (2) an intent at the time of entry to commit a felony therein.

It is well established that a conviction for burglary, and therefore lesser included offenses, may be sustained on circumstantial evidence alone. *Wright* v. *State* (1974), 161 Ind. App. 317, 316 N.E.2d 385; *McAfee* v. *State* (1973), 259 Ind. 687, 291 N.E.2d 554, 556; *Guyton* v. *State* (1973), 157 Ind. App. 59, 299 N.E.2d 233.

In *Guyton, supra,* the standard of review in convictions based solely on circumstantial evidence is stated as follows:

> "It is clear that a conviction may be sustained wholly upon circumstantial evidence so long as the evidence is of such probative value that a reasonable inference of guilt may be drawn beyond a reasonable doubt. *Gregory* v. *State* (1972), 259 Ind. 295, 286 N.E.2d 666.
>
> * * *
>
> We recognize that many decisions both of the Court of Appeals and of our Supreme Court have used language seeming to require that a conviction upon circumstantial evidence, to be upheld upon appeal, must exclude every reasonable hypothesis of innocence.
>
> * * *

. . . The sole test in reviewing any conviction is whether reasonable persons could conclude beyond a reasonable doubt that the defendant is guilty. To state the test conversely, a reviewing tribunal may not reverse a conviction upon 'insufficiency of evidence' unless the appellate authority can say as a matter of law that reasonable persons, whether it be a jury or the trial court in a bench trial, could not from the circumstantial evidence draw reasonable inferences as to each material element of the crime so as to reach a conclusion of guilt beyond reasonable doubt." 299 N.E.2d at 237.

Appellant contends that there is no evidence in the record to support the finding of guilty for the reason there is no evidence of probative value that the defendant entered the building in question and even if he entered there is no evidence that the entry was made with the intent to commit a felony, and relies on the case of *Markiton* v. *State* (1957), 236 Ind. 232, 139 N.E.2d 440, where the court said:

" 'Where a crime consists of an act combined with a specific intent, the intent is just as much an element of the crime as is the act. In such cases, mere general malice or criminal intent is insufficient, and the requisite specific intent must be shown as a matter of fact, either by direct or circumstantial evidence. . . .' "

The evidence of the forcing open of the window in the B&K building and whether Lamb did or did not enter the same to commit a felony is, of course, circumstantial. However, the testimony of Craig and the on-stand admissions of Lamb evidence a clear design for Lamb to enter the B&K Restaurant building, with the safe unlocked, after closing hours, with the intent to commit a felony therein, namely, the taking of the money from the unlocked safe. Circumstantial evidence is admissible to prove the entering of the B&K building and the intent to commit a felony therein. *Farno* v. *State* (1974), 159 Ind. App. 627, 308 N.E.2d 724. Further, the existence or non-existence of such criminal intent in a record containing conflicting inferences is a question of fact to be determined by the trier

of fact from all the evidence presented. *Sargent* v. *State* (1973), 156 Ind. App. 469, 297 N.E.2d 459.

The rule guiding this court when passing on the sufficiency of the evidence is set forth in the case of *Atkins* v. *State* (1974), 159 Ind. App. 387, 307 N.E.2d 73, 76, as follows:

> "When reviewing the sufficiency of the evidence, this Court cannot weigh the evidence nor determine the credibility of witnesses, but may look only to the evidence and reasonable inferences therefrom most favorable to the State. A conviction will be affirmed if there is substantial evidence of probative value from which the trier of fact could reasonably infer that the Appellant was guilty beyond a reasonable doubt. . . . *Circumstantial evidence is subject to the same general review. . . ."* (Our emphasis.)

In the case of *Merrill* v. *State* (1973), 158 Ind. App. 528, 303 N.E.2d 663, 664, this court said:

> ". . . The conviction will be affirmed if there is evidence of probative value from which the trier of fact could reasonably infer that the appellants were guilty beyond a reasonable doubt. . . ."

Observing and following the guidelines for review by this court as hereinabove set out, we are of the opinion that there was substantial evidence of probative value from which the trier of fact could reasonably infer that the defendant was guilty beyond a reasonable doubt.

Judgment affirmed.

Robertson, P.J. and Lybrook, J., concur.

NOTE.—Reported at 318 N.E.2d 587.