WILLIAM MACK CHRISTIAN *v.* STATE OF INDIANA.

[No. 2-1074A249. Filed February 20, 1975.]

*Hall Cochrane*, of Indianapolis, for appellant.

*Theodore L. Sendak*, Attorney General, *Russell W. Sims*, Deputy Attorney General, for appellee.

LYBROOK, J.—Defendant-appellant Christian challenges the sufficiency of the evidence to sustain his first degree burglary conviction.

The evidence most favorable to the State reveals that upon returning to his apartment on Bethel Avenue in Indianapolis at 11:00 P.M. on February 15, 1974, Steven Bush, accompanied by two friends, observed that the back door was open, the frame was splintered and glass broken. Upon entry, Bush noticed that the furnishings were in disarray and that the stereo had been moved. Suddenly, Christian ran from a bedroom, knocked Bush down and a fight ensued, during which Christian was subdued. Thereafter, the police were summoned to the scene, and Christian was taken into custody.

Christian was tried by the court, found guilty of first degree burglary and sentenced to imprisonment for not less than 10 nor more than 20 years.

In determining whether Christian's conviction is supported by sufficient evidence, we are mindful that this court neither weighs the evidence nor resolves questions of credibility of witnesses. Rather, we consider only the evidence most favorable to appellee together with all reasonable inferences which may be drawn therefrom. If, from that viewpoint there is substantial evidence of probative value to establish every material element of the crime beyond a reasonable doubt, the verdict will not be disturbed. *Napier* v. *State* (1973), 260 Ind. 614, 298 N.E.2d 427. Further, we are mindful that a conviction for burglary may be sustained on circumstantial evidence alone. *Wright* v. *State* (1974), 161 Ind. App. 317, 316 N.E.2d 385.

The essential elements of first degree burglary, proof on each of which is necessary to sustain conviction, are that the

defendant (1) broke and entered; (2) into a dwelling house or other place of human habitation; (3) with an intent to commit a felony therein. *Carpenter* v. *State* (1974), 159 Ind. App. 373, 307 N.E.2d 109. Considering the evidence most favorable to the State, we find sufficient evidence on each element.

It is clear that a place of human habitation, that of Mr. Bush, was broken and entered. The rear door had been locked and was forcibly opened. Christian's contention is that the evidence did not prove that he had broken open the door. The evidence does, however, support a finding that either Christian or an accomplice forced the entry, and this is sufficient to sustain this element. *Combs* v. *State* (1973), 260 Ind. 294, 295 N.E.2d 366; *Prather* v. *State* (1969), 252 Ind. 141, 246 N.E.2d 479; *Bowling* v. *State* (1967), 248 Ind. 663, 230 N.E.2d 439.

The evidence also supports the finding of an intent to commit a felony within the Bush's apartment. In this regard, this court has held that felonious intent at the time of entry may be inferred from criminal acts committed after entry. *Farno* v. *State* (1974), 159 Ind. App. 627, 308 N.E.2d 724. Further, intent will be inferred from circumstances which reasonably permit such inference, and this court cannot substitute its judgment for that of the trial court in cases in which the facts could lead to either of two inferences. *Farno, supra.*

The evidence adduced at trial was that Mr. Bush found his furniture in disarray, and the stereo had been moved. Christian's attempted flight was also evidence from which guilt could be inferred. *Atkins* v. *State* (1974), 159 Ind. App. 387, 307 N.E.2d 73.

There is no requirement that the intended felony actually be accomplished since it is the *intent* at the time of entry which is the element. It is therefore unavailing to Christian that he did not have any property of Mr. Bush when apprehended. *Combs, supra; Word* v. *State* (1970), 254 Ind. 542, 261 N.E.2d 225.

There being sufficient evidence on each material element of first degree burglary, the judgment is affirmed.

Judgment affirmed.

Robertson, C.J. and Lowdermilk, J., concur.