**Terry WALSTON, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 1–778A205.

Court of Appeals of Indiana, First District.

March 22, 1979.

Harriette Bailey Conn, Public Defender, Howard N. Bernstein, Deputy Public Defender, Indianapolis, for appellant.

Theo. L. Sendak, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

ROBERTSON, Judge.

Defendant-appellant Terry Walston (Walston) appeals a jury conviction for first degree burglary challenging the sufficiency of the evidence.

 In reviewing the sufficiency of the evidence, we do not weigh the evidence or judge the credibility of witnesses—we are confined to the consideration of facts and inferences to be drawn therefrom in favor of the verdict. *Thomas v. State*, (1976) 264 Ind. 581, 348 N.E.2d 4; *Zarnik v. State*, (1977) Ind.App., 361 N.E.2d 202. In his assault on the sufficiency of the evidence, Walston contends the State failed to establish specific intent due to Walston's intoxi-cation. Alternatively, Walston alleges mere possession of stolen goods is insufficient to support a finding of the requisite intent for a conviction of first degree burglary.

John and Nola Willis reside in a farmhouse with their son, Frank. On November 24, 1976, John and Nola securely locked the premises and departed to visit John's sister-in-law. When Frank returned home that night, he observed Walston, a co-worker, exiting the house to his stationwagon which was parked at the back door. Upon entering the house, Frank noticed a broken window and that the interior of the house was in a state of disarray. Several miscellaneous household items were amassed on the kitchen table. Walston then gave Frank a ride to the sheriff's residence during which Frank recognized some household belongings in Walston's back seat. Walston dropped Frank off at the sheriff's and left in the direction of the farmhouse.

Frank recited the above sequence of events to the sheriff who in turn issued an order to pick up Walston. In the early morning hours of November 25, 1977, Walston was arrested in a gas station. Walston was wearing a watch belonging to Nola Willis, and the back seat contained additional items which Frank had seen on the kitchen table. The arresting officer testified that Walston was cooperative and in complete control of his faculties. Frank also testified that he did not observe anything unusual about Walston's behavior during their previous encounter.

 When a conviction is based in whole or in part on circumstantial evidence, it is the province of a court of review to determine whether such evidence supports an inference of guilt. *Kruckeburg v. State*, (1978) Ind., 377 N.E.2d 1351. If circumstantial evidence supports an inference in favor of the verdict, the conviction will be affirmed; conversely, if circumstantial evidence raises a mere *suspicion* of guilt, the conviction cannot stand. *Ruetz v. State*, (1978) Ind., 373 N.E.2d 152. Intent may be inferred from surrounding circumstances, *Robinson v. State*, (1971) 257 Ind. 38, 271

N.E.2d 727, and when circumstances reasonably permit an inference of intent, this court will not set aside the jury's determination. *Christian v. State*, (1975) 163 Ind. App. 237, 323 N.E.2d 253.

Contrary to the assertion of Walston that the only evidence relating to intent was his possession of the stolen items, the evidence conclusively established that the farmhouse had been locked, that there had been a forced entry, that the interior of the house had been ransacked, that Walston was seen leaving the premises, and that Walston was in the possession of property belonging to the Willis family shortly after the fact. Under these facts and the foregoing authorities, we are convinced that the evidence was more than sufficient to sustain a finding of intent.

 We are also unpersuaded by the argument that Walston was too intoxicated to entertain a specific intent. Voluntary intoxication is no defense unless the defendant was inebriated to the extent of being *incapable* of formulating the requisite intent. *Snipes v. State*, (1974) 261 Ind. 581, 307 N.E.2d 470. Both Frank Willis and the arresting officer testified that Walston was not incapacitated by alcohol. Moreover, the evidence was sufficient to show that Walston returned to the farmhouse for additional bounty. Hence, this contention is without merit.

Accordingly, the judgment is affirmed.

Affirmed.

LYBROOK, P. J., and LOWDERMILK, J., concur.