Darryl Bernard CURRIE, Appellant
(Defendant below),

v.

STATE of Indiana, Appellee
(Plaintiff below).

No. 48A04–8608–CR–254.

Supreme Court of Indiana.

Feb. 16, 1989.

William Byer, Jr., Byer & Gaus, Anderson, for appellant.

Linley E. Pearson, Atty. Gen., Jay Rodia, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Judge, dissenting.

I generally agree with Judge Ratliff's dissenting opinion, and would grant transfer and vacate the opinion of the court of appeals.

The facts most favorable to the verdict show that Currie was arrested in the early morning hours on November 20, 1985. ATA, Inc., a sheet metal company, had been burglarized. The company's owner was informed of the situation, and when he arrived at the location, was met by two Indianapolis police officers. A search of the premises showed that the office had been ransacked. A large calculator which had been on the owner's desk was unplugged and moved to another location. Several desk drawers had been opened and the contents tampered with.

In his search, the owner found a man hiding in the bathroom, crouched behind a pile of coveralls. He was later identified as Currie. When officers attempted to arrest him, Currie resisted, and caused slight injury to one of them.

Later that day, Currie was arraigned, and the court informed him of his right to counsel. Currie stated that he did not have the funds to hire an attorney, and one was appointed for him. Still later that same day, a police detective interviewed Currie at the Anderson Police Department. The detective read Currie his *Miranda* rights.

Currie stated that he understood his rights, and then executed a Waiver of Rights form. Currie indicated he did not want to give a written statement, but would answer some questions. Currie then told the detective he entered the ATA, Inc. building with another man who told him he could make some money. He went into the building through an overhead garage door which had a panel knocked out. He further stated he would have taken just about anything including a tape recorder or radio had he not been apprehended. This statement was admitted into evidence at trial, over defense counsel's objection. Appellate counsel raised this issue on appeal to the Indiana Court of Appeals, where the majority found that the confession had such a prejudicial impact on the jury as to require reversal.

Both the majority and the dissent agree that the trial court erred in admitting the statement into evidence; Currie had previously invoked his right to counsel and therefore should have had an attorney present during the interrogation.

Because evidence was admitted in violation of *Miranda,* we must determine whether error in admitting the tainted evidence was harmless beyond a reasonable doubt. *Chapman v. California* (1967), 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705, *reh. den.* 386 U.S. 987, 87 S.Ct. 1283, 18 L.Ed.2d 241; *Dyer v. State* (1976), 168 Ind.App. 278, 342 N.E.2d 671; *Works v. State* (1977), 266 Ind. 250, 362 N.E.2d 144. This Court has approved the "overwhelming evidence" test to determine whether the error is harmless. Under this analysis, we weigh both the amount and probative value of the inadmissible evidence against the remaining evidence supporting guilt to determine whether the weight of the properly admitted evidence, compared with that of the tainted evidence, is "overwhelming." In making this determination, the question is not whether there is sufficient evidence to support the conviction absent the challenging evidence, but whether, considering all the evidence, the challenged evidence was likely to have a prejudicial impact on the jury. *Morris v. State* (1979), Ind.App., 397

N.E.2d 1056, 1057. Also, this court has held that admission of statements made by a defendant in interrogation in violation of *Miranda* is not reversible error where such evidence is not decisive of guilt but is merely cumulative. *Works v. State*, 362 N.E.2d at 151.

In this particular case, I find ample evidence of Currie's guilt of this burglary to outweigh the prejudice of the inadmissible statements. He was found on the premises, hiding in a bathroom, crouched behind some old clothing. The building had been broken into through an opening in a door, and there was a hole in the ceiling of one of the rooms where someone had apparently fallen through. Drawers were opened and items on desks were moved to different positions. When police officers attempted to arrest Currie, he resisted their efforts. Clearly, this evidence standing alone is overwhelming and supports Currie's conviction. *See*, for example, *Christian v. State* (1975), 163 Ind.App. 237, 323 N.E.2d 253. Therefore, despite the *Miranda* violation, the error was harmless. I would affirm the trial court.

GIVAN, J., concurs.