WILLIAM RANDOLPH CAMPBELL *v.* STATE OF INDIANA.

[No. 968S138. Filed February 26, 1971. Rehearing denied March 31, 1971.]

*Palmer K. Ward,* of Indianapolis, for appellant.

*John J. Dillon,* Former Attorney General, *Duejean C. Garrett,* Former Deputy Attorney General, for appellee.

GIVAN, J.—Appellant was charged by affidavit with first degree burglary. Trial by court resulted in a finding of guilty as charged. Appellant was sentenced to the Indiana Reformatory for a term of not less than 10 nor more than 20 years.

The record discloses the following facts:

On January 22, 1968, Dwight Bowers and his wife resided in the lower half of a duplex located at 3216 North Ruckle in Indianapolis. They rented the upper part of the duplex to one Michael Quinn. When Quinn returned home on the day in question about 10:30 A.M. the Bowers were not at home. Quinn noticed a glass in the door had been broken. After going upstairs he heard noise coming from the Bowers' apartment. Quinn telephoned the police and while waiting for the police, he saw a person walking away from the Bowers' home. However, he did not see the person actually walk out of the door. The person he saw was carrying a rifle or shotgun, binoculars, cameras and a cardboard box.

When police arrived Quinn gave them a description of the person he had seen leaving the premises. A short time later officers apprehended the appellant about a block away. When appellant saw the police, he started running. As the officers closed in on the appellant, he began emptying his pockets of jewelry. Officers also found goods identified by Bowers as articles taken from his home, in a garage in the same block where appellant was apprehended.

Appellant was then returned to the Bowers' home at which time Quinn identified him as the person he saw leaving the Bowers' property.

Appellant first argues that the evidence is insufficient to sustain a finding of guilty of first degree burglary. With this we cannot agree. There is ample evidence from which the trial court could reasonably determine that there had been a breaking into the Bowers' apartment. The unexplained possession of goods recently taken from the Bowers' apartment was evidence from which the court could reasonably infer that appellant was the one who perpetrated the crime. *Underhill* v. *State* (1966), 247 Ind. 388, 8 Ind. Dec. 262, 216 N. E. 2d 344; *Bradley* v. *State* (1964), 244 Ind. 630, 2 Ind. Dec. 535, 195 N. E. 2d 347. This evidence is strengthened by the identification of the appellant by Quinn. The trial court was also justified in considering the fact that appellant ran when the police approached him as evidence of his guilt. Flight of the accused and attempted concealment of articles belonging to the Bowers were evidence of guilt which may be weighed by the trier of fact along with the other evidence in the case. *Reno* v. *State* (1967), 248 Ind. 334, 11 Ind. Dec. 43, 228 N. E. 2d 14.

The fact that no one actually saw the appellant in the Bowers' home does not defeat the finding of the trial court. A conviction for first degree burglary may rest upon circumstantial evidence including unexplained possession of recently stolen property. *Wathen* v. *State* (1964), 246 Ind. 245, 4 Ind. Dec. 74, 201 N. E. 2d 692.

Appellant also argues that his constitutional rights were violated when he was returned to the scene of the crime for identification purposes without the benefit of the presence of an attorney during the identification. Appellant did not present this question in his motion for new trial. It is, therefore, waived. However, we would point out had this question been properly presented, it would have been of no avail to the appellant. We have frequently said that the immediate returning of a suspect to the scene for identification by witnesses does not come within the protection afforded by the constitution requiring the presence of an

attorney at an identification lineup. *Jones* v. *State* (1970), 253 Ind. 480, 20 Ind. Dec. 262, 255 N. E. 2d 219.

The trial court is, therefore, affirmed.

Arterburn, C.J., DeBruler, Hunter and Prentice, JJ., concur.

NOTE.—Reported in 266 N. E. 2d 797.