JOHNNIE LEE BRASTER *v.* STATE OF INDIANA.

[No. 1071S307. Filed May 18, 1973. Rehearing denied August 31, 1973.]

*Joseph A. Williams,* Fort Wayne, for appellant.

*Theodore L. Sendak,* Attorney General, *A. Frank Gleaves, III,* Deputy Attorney General.

HUNTER, J.—This is an appeal by Johnnie Lee Braster, appellant (defendant below) from a conviction in the Allen Circuit Court for safe burglary. He was charged by affidavit.

He was tried by a jury which returned a verdict of guilty on March 23, 1971. A motion to correct errors was filed and overruled, resulting in this appeal.

Appellant presents only one issue for our consideration: insufficiency of the evidence to support a verdict of guilty. He specifically alleges that the requirement of breaking and entering found in the safe burglary statute has not been satisfied by the evidence.

This Court, when reviewing sufficiency of the evidence on appeal, will not weigh the evidence nor determine the credibility of witnesses. Only that evidence most favorable to the State and the *reasonable inferences to be drawn therefrom* will be considered. As long as there is substantial evidence of probative value sufficient to establish every material element of the crime beyond a reasonable doubt, the verdict will not be disturbed. *Burton* v. *State* (1973), 260 Ind. 94, 292 N. E. 2d 790.

The appellant was convicted pursuant to IC 1971, 35-1-61-1 (Ind. Ann. Stat. § 10-702(a) [1956 Repl.]), which reads as follows:

> "Any person who, with intent to commit a felony, breaks into and enters, either by day or night, any building, whether inhabited or not, and who unlawfully, maliciously or forcibly, with the aid and use of any instrument, device or explosive, blows, or attempts to blow, or who forces or attempts to force, an entrance into a safe, vault or depository box wherein is contained any money or thing of value, or whoever unlawfully takes, steals, carries, moves or attempts to unlawfully take, steal, carry or move any safe, vault or depository box wherein is contained any money or thing of value, . . ."

In order to convict a defendant for safe burglary, the State must prove beyond a reasonable doubt the breaking and entering of a building with intent to commit a felony, and the taking of the safe or an attempt to enter the safe.

---

* This case was re-assigned to this office on March 8, 1973.

The record reveals the following uncontroverted facts:

At approximately 3:30 a.m. on November 3, 1969, Robert Middleton was making his rounds distributing bundles of the daily Fort Wayne newspaper, when he noticed a broken front window at the Super X drugstore at Stellhorn and Maplecrest Roads in Fort Wayne. Upon examination he noticed that the store safe, which had always been just inside the window, was missing. The missing safe, according to the store manager, weighed 3,000 pounds and contained $3,190 in cash and checks, and had been in the store at the close of business the preceding day. The wall below the window was about a foot and a half high, so the heavy safe had to be raised before it could be taken out of the window. Outside the broken window, amidst the pieces of broken glass, police discovered a starter motor and a wheel chock.

At approximately the same time that same day, Howard Dawkins, an Allen County police officer, while patroling his area, discovered that a break-in had occurred at Kensill's service station. It was discovered that a truck had been taken from the station. The missing truck was equipped with a wrecker crane with a twenty-five ton lifting capacity. It was subsequently determined that the starter motor and wheel chock found outside the Super X drugstore had come off the wrecker.

At about 10:00 a.m. on that same day, Ned Byer, a farmer, was returning from town with his wife when they noticed a wrecker stopped along a road which borders on property owned by the Byers. The Byers saw what at first seemed to be a block of concrete, but which, upon closer observation, was revealed to be a safe, dangling from the wrecker crane. Mr. Byer was fearful that someone might be planning to dump the object on his property, so he got out of his truck and talked with the man who was standing near the wrecker. That man was the appellant, Johnnie Lee Braster, and the wrecker was identified by Mr. Byer as the one stolen from Kensill's service station. Mr. Byer noticed that a pickup truck was

backed up near the rear of the wrecker, and it appeared that the appellant and another man were attempting to load the safe into the back of the pickup truck. After a brief conversation with the appellant, during which he was assured the safe would not be dumped on his property, Mr. Byer drove away. Another passerby, Robert Ihrie, testified to having seen the same wrecker and pickup truck along the same road.

At about 7:00 that morning, appellant and another man visited Don's Sunoco station in Fort Wayne to inquire about renting a trailer or a truck, but they left, apparently in search of a place where they could find a lower price. They returned to Don's Sunoco, however, at about 9:00 a.m. and rented a pickup truck. This was identified by Ned Byer and his wife as the same pickup truck into which appellant was seen loading the safe. The service station was advised by phone on subsequent days that there would be a delay in returning the truck, but it was finally returned by the appellant and another man on November 7, 1969. On that same morning, a safe was found along a rural road. The safe had been forced open, and its contents were missing. Upon investigation, it was determined that this was the safe taken from the Super X drugstore. The safe was identified by Ned Byer as the same one he had seen appellant loading onto the pickup truck. At the base of a tree near the safe, police found pieces of broken mirror glass and tire tracks made by a truck.

Two days later police discovered the wrecker that had been taken from Kensill's service station. The truck had been abandoned in a wooded area along a rural road. When found, the wrecker had a broken rear view mirror. This wrecker was identified by Ned Byer as the same one with which appellant was attempting to load the Super X safe onto the truck rented from Don's Sunoco.

We have consistently held that burglary can be proven inferentially by circumstantial evidence. *Gann* v. *State* (1971),

256 Ind. 429, 269 N. E. 2d 381; *Campbell* v. *State* (1971), 256 Ind. 40, 266 N. E. 2d 797. We believe, in the instant case, that there is abundant evidence from which an inference of breaking and entering can be drawn. Therefore, the conviction is sufficiently supported by the evidence.

For all the foregoing reasons the judgment of the trial court is affirmed.

Judgment affirmed.

Arterburn, C.J., Givan, J., concur; Prentice, J., dissents with opinion in which DeBruler, J., concurs.

## Dissenting Opinion

Prentice, J.—I dissent from the view of the majority herein. The case is akin to *Gann* v. *State* (1971), 256 Ind. 429, 269 N. E. 2d 381, wherein I also dissented and concurred in the dissent of Justice DeBruler. It was our view therein that while there was recent possession from which a theft could be properly inferred, such possession, standing alone, did not warrant an inference of the breaking and entering requisite to a burglary. In the case at bar, the possession by the defendant warrants an inference of theft, or perhaps an inference of being an accessary after the fact, but he was not so charged. Acts 1905, Ch. 169, § 226, as amended by Acts 1935, Ch. 124, § 1; 1956 Repl. Burns Ind. Stat. Ann. § 9-103; IC 35-1-29-3. A connection has been shown between the wrecker and the burglary supporting the inference that the removal of the safe was accomplished by utilization of the wrecker combined with a breaking and entering. Therefore, if there were evidence connecting the defendant with the wrecker at the time of the break-in or connecting him with it at a time shortly prior to the break-in, as well as shortly thereafter, my view would be different. His only connection with the wrecker, however, coincides with his possession of the safe which, standing alone, in my opinion would be insufficient evidence from which to infer the breaking and

entering. His connection with the wrecker, coinciding with his connection with the safe, strengthens the inference that he came by the safe surreptitiously, but not necessarily by being a principle or accessary before the fact to the breaking and entering.

In *Campbell* v. *State* (1971), 256 Ind. 40, 266 N. E. 2d 797, also cited by the majority, the appellant had been seen exiting from the burglarized premises. His possession of the stolen property, therefore, supported the eye witness testimony but was not essential to the conviction. I do not, therefore, regard it as a case in point.

I would reverse the decision of the trial court and order a new trial.

DeBruler, J., concurs.

NOTE.—Reported in 295 N. E. 2d 806.