Richard Lee BARKSDALE, Jr., Appellant (Defendant below),

v.

STATE of Indiana, Appellee (Plaintiff below).

No. 482S141.

Supreme Court of Indiana.

Aug. 9, 1982.

John F. Surbeck, Jr., Deputy Public Defender, Fort Wayne, for appellant.

Linley E. Pearson, Atty. Gen., James W. Turpen, Deputy Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice.

The defendant, Richard Lee Barksdale, Jr., was convicted at a bench trial of bur-

glary, a class B felony, Ind.Code § 35–43–2–1 (Burns 1979 Repl.), and was sentenced to the Indiana Department of Correction for a period of fifteen years. In his direct appeal he presents only the issue of the sufficiency of the evidence for our review.

A summary of the facts from the record most favorable to the state shows that the home of Marcus Myers in Fort Wayne, Indiana, was broken into on the afternoon of October 20, 1980. On that day, a neighbor, Dirk Shearer, observed two black males in Myers's backyard beside the house and yelled at them. The two men then ran from the yard and Shearer ran after them. One man was carrying a stereo unit, and after running about a block and a half, he threw down the stereo and turned and confronted Shearer. He yelled at Shearer and struck him in the face with his fist.

A police officer, Ron Partridge, observed this altercation and came to investigate. He identified himself as a police officer and ordered the two black males to stop. The two men ran in separate directions, however, so the officer went to a nearby home and contacted Myers at work. Myers found that his front door was broken open and his television set and stereo unit were missing. The television set was later recovered in the backyard and Myers identified the stereo unit which had been left in the street as the one that was missing from his home. Shearer testified that the stereo which he observed being carried out of Myers's yard and thrown down in the street was the same stereo that was returned to Myers. Shearer unequivocally identified defendant as the man who was carrying the stereo both from photographs and in open court at the trial.

■ Our law is well settled that as a court of review considering the sufficiency of the evidence, we will neither reweigh the evidence nor judge the credibility of witnesses. Rather, we will look only to that evidence most favorable to the state and all reasonable inferences to be drawn therefrom. If there is substantial evidence of probative value to support the conclusion of the trier of fact, the judgment will not be overturned. *Duffy v. State,* (1981) Ind., 415 N.E.2d 715; *Wofford v. State,* (1979) Ind. 394 N.E.2d 100; *Poindexter v. State,* (1978) 268 Ind. 167, 374 N.E.2d 509. This Court does not have to find that circumstantial evidence is adequate to overcome every reasonable hypothesis of innocence but only that an inference may reasonably be drawn therefrom which supports the finding of the trier of fact. *Gilmore v. State,* (1981) Ind., 415 N.E.2d 70; *Hall v. State,* (1980) Ind., 405 N.E.2d 530.

■ In this case, defendant contends that there is insufficient evidence to prove that the stereo unit he was seen carrying from Myers's yard was the actual stereo which was discovered missing from Myers's home. He bases this contention on the fact that there were some conflicts in the witnesses' descriptions of the stereo unit. Mr. Myers testified that his missing stereo unit consisted of two pieces, the receiver and a turntable. Shearer testified that the stereo unit he saw being carried from Myers's yard "looked like" it was a one-piece unit with a turntable on top of a receiver. However, he also testified that he did not examine it closely enough to be sure if it was a one or two-piece unit. We find no true conflict here, since it is clearly reasonable to assume that during the excitement of the chase, Shearer would think the two separate pieces which were being carried stacked one on top of the other were just a single connected unit. The turntable and receiver which were found lying separately and broken in the street by the police officer about ten minutes after the incident were identified by Myers as his stereo units.

We have consistently held that a burglary conviction may rest upon circumstantial evidence, including the unexplained possession of recently stolen property. *Eaton v. State,* (1980) Ind., 408 N.E.2d 1281; *Goodpaster v. State,* (1980) Ind., 402 N.E.2d 1239; *Campbell v. State,* (1971) 256 Ind. 40, 266 N.E.2d 797. The evidence here showed that there was a forced entry into Myers's home and that his television set and stereo were missing. Defendant's possession of the stolen property was unexplained and he was ob-

served fleeing from the scene of the burglary. This was sufficient evidence to support the court's finding that defendant was guilty of burglary.

For all of the foregoing reasons, there was no trial court error and the judgment of the trial court should be affirmed.

Judgment affirmed.

GIVAN, C. J., and DeBRULER, PRENTICE and PIVARNIK, JJ., concur.