## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 19 2015, 10:09 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Sean P. Hilgendorf
South Bend, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Karl M. Scharnberg
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Thomas J. Mure, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | May 19, 2015 <br><br> Court of Appeals Cause No. <br> 71A05-1407-CR-336 <br><br> Appeal from the St. Joseph Superior Court <br> Cause No. 71D03-1211-FC-281 <br><br> The Honorable Jerome Frese, Judge |

**Barnes, Judge.**

## Case Summary

[1] Thomas Mure appeals his conviction for battery, a Class C felony. We affirm.

## Issue

[2] The issue before us is whether there is sufficient evidence to support Mure's conviction.

## Facts

[3] The evidence most favorable to the conviction is that Mure was living across the street from Joseph Walasinski in South Bend when his house caught fire and became uninhabitable. Walasinski, with whom Mure was somewhat acquainted, told Mure that Mure could stay with him. Walasinski explained that he would not charge Mure rent for the first month. Mure moved into Walasinski's house in early November 2012.

[4] On November 19, 2012, Mure and Walasinski argued about the payment of rent and, early the following morning, Walasinski called the police, complaining of an unwanted person in his home. The next day, Officer Keith Vergon of the South Bend Police Department was dispatched to the call at around 6:30 a.m. Officer Vergon instructed Mure to leave the residence. Mure was "visibly upset," but he complied. Tr. p. 69. When Officer Vergon and Mure got outside, Mure discovered that the windows to his Cadillac were smashed out. Mure, believing Walasinski had smashed out the windows, punched Walasinski in the face in Officer Vergon's presence. Officer Vergon

intervened, separated Mure and Walasinski, and allowed Mure to collect the remainder of his belongings and leave in the Cadillac.

[5] A short time later, Mure returned to Walasinski's house. Walasinski was on the porch and, when Mure approached, retreated into the front doorway and attempted to shut the door. Mure testified that he shoved the door in Walasinski's face—propelling Walasinski backward and shattering the door's glass inlay—and then hit Walasinski once. Mure claims that after Walasinski "went down," Mure retrieved the keys to his motorcycle and drove away. *Id.* at 170.

[6] At around 11:40 a.m., Officer Vergon was again dispatched to Walasinski's residence. Another officer and medical responders were already at Walasinski's house, and Walasinski was being wheeled out on a gurney. Walasinski was unconscious, his eyes were swollen shut, and he had bruises and cuts on his face. Walasinski sustained two rib fractures, a pulmonary contusion, and subdural hematomas, caused by hemorrhaging. Officer Vergon entered the house and found it had been ransacked, with furniture in disarray. On an overturned refrigerator were splotches of what appeared to be blood. While gathering information for the report, Officer Vergon was advised over the radio that Mure was at Murphy's bar in South Bend.

[7] Officer Vergon went to Murphy's and noticed Mure's Cadillac in the parking lot. Officer Vergon went inside the bar, at which point Mure, seated at the counter, "got up abruptly" and headed for the exit. *Id.* at 85. Officer Vergon

detained Mure in the parking lot. Mure had cuts on his face, knuckles, and palms and had spots of blood on his sweatshirt and jeans. Blood was also visible on the Cadillac's steering wheel and fender. Mure was transported to the police station and arrested.

[8] Because Walasinski was intoxicated, he could not recall what happened during the assault or the identity of the assailant. A Murphy's bartender testified that she asked Mure about the smashed-out windows and blood on his Cadillac, to which he explained "that it was his roommate's blood and that he had got him back for smashing his windows out." *Id.* at 18. Another Murphy's bartender testified that she heard Mure tell other bar patrons that he had beaten up his roommate for smashing out the windows of his car.

[9] DNA analysis was conducted on blood samples obtained from Mure's sweatshirt, Walasinski's refrigerator, the steering wheel of Mure's Cadillac, and the fender of Mure's Cadillac. The analyses revealed both Mure's and Walasinski's blood on Mure's sweatshirt; Mure's blood on the refrigerator and the steering wheel; and Walasinski's blood on the fender.

[10] At a bench trial, Mure's counsel argued that after Mure's retrieval of his motorcycle and before the second police dispatch, someone other than Mure had entered Walasinski's house and battered Walasinski. The trial court rejected this theory, and Mure was convicted of battery as a Class C felony. Mure now appeals.

## Analysis

[11] Mure argues that there is insufficient evidence to support his conviction. When reviewing a challenge to the sufficiency of the evidence, we neither reweigh the evidence nor assess the credibility of the witness. *Bailey v. State*, 979 N.E.2d 133, 135 (Ind. 2012). We review all evidence—even if conflicting—and reasonable inferences drawn therefrom in a light most favorable to the conviction. *Id.* We affirm if there is substantial evidence of probative value supporting each element of the crime from which a reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt. *Id.*

[12] To convict Mure of battery as a Class C felony, the State was required to prove that he knowingly or intentionally touched Walasinski in a "rude, insolent, or angry manner . . . result[ing] in serious bodily injury." Ind. Code § 35-42-2-1(a)(3).

[13] There is substantial evidence to conclude that Mure returned to Walasinski's home and battered him, causing Walasinski to suffer serious bodily injury. Mure contends that because his conviction was "based solely upon suspicion, opportunity, probability, conjecture or unreasonable inferences of guilt gleaned from vague evidence," the trial court ruling cannot be sustained. Appellant's Br. p. 5 (quoting *Durham v. State*, 238 N.E.2d 9, 13 (1968)). The compelling evidence of Mure's guilt negates that his conviction was based on mere suspicion or conjecture. Even wholly circumstantial evidence is sufficient "if inferences may reasonably be drawn that enable the trier of fact to find the defendant guilty beyond a reasonable doubt." *Pierce v. State*, 761 N.E.2d 821, 826 (Ind. 2002).

[14] Although Walasinski was unable to verify that Mure was the assailant, this lack of direct evidence does not undermine the judgment of the trial court. *See, e.g.*, *Campbell v. State*, 266 N.E.2d 797, 799 (Ind. 1971); *Scott v. State*, 234 N.E.2d 474, 477 (Ind. 1968) ("It is not essential, in order to sustain the conviction of appellant, that he should have been identified at the trial, by positive or direct evidence, as the guilty person.") (internal citation omitted). The evidence shows that Mure and Walasinski argued the night before the incident and that Mure subsequently punched Walasinski in Officer Vergon's presence. Mure also admitted to pushing the door in on Walasinski and punching him again when Mure returned to retrieve his motorcycle. DNA evidence reveals that Mure's blood was on the overturned refrigerator and that Walasinski's blood was found on Mure's sweatshirt. Mure, furthermore, freely made incriminating statements to employees and patrons at Murphy's bar the day of the incident.

[15] Mure argues that his blood on the overturned refrigerator could be attributed to some other incident during his stay at Walasinski's house. Mure also advances the theory that someone else could have entered Walasinski's house and beat him after Mure left on his motorcycle and left the front door ajar. In our review for sufficient evidence, however, it is "not necessary that the evidence overcome every reasonable hypothesis of innocence." *Drane v. State*, 867 N.E.2d 144, 147 (Ind. 2007). Suggesting that we now consider the reasonableness of Mure's theory essentially asks this court to reassess the credibility of the witness, an enterprise barred by the applicable standard of review.

## Conclusion

There is sufficient evidence to support Mure's conviction. We affirm.

Affirmed.

May, J., and Pyle, J., concur.